## GRESHAM *vs.* TUCKER.

[JUDGMENT ON APPEAL FROM JUSTICE OF THE PEACE.]

1. *Jurisdiction of circuit court on appeal from justice's court.*—When the record shows that appellant, against whom a judgment had been rendered by a justice of the peace, having prayed an appeal to a jury under a special statute, afterwards appealed to the circuit court, gave bond for the appeal, appeared in

that court, and pleaded to the statement filed against him, and that the cause, after several continuances and a mistrial, was finally tried by a jury, the objection cannot be raised for the first time on error, that the circuit court had no jurisdiction of the case, because there was no judgment in the justice's court at the time the appeal to the circuit court was taken.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. ROBERT DOUGHERTY.

The record shows these facts: In December, 1853, John E. Tucker brought suit against Felix Gresham before a justice of the peace, and recovered a judgment on the 11th March, 1854, for $18, but the costs were imposed on him. The justice's docket then states, that Gresham "prayed an appeal, gave bond, the case was brought before a jury, and they made a mistrial"; a special act of the legislature, approved December 31st, 1841, authorizing jury trials before justices' courts in that county. Gresham then appealed from the justice's said judgment to the circuit court, where the plaintiff filed a statement, claiming $24 for tuition fees due him as a schoolteacher; to which the defendant pleaded the general issue. After two continuances, and a mistrial, the cause was submitted to a jury at the Fall term, 1855, and on their verdict judgment was rendered for the plaintiff; from which judgment the defendant now appeals to this court.

B. J. WHATLEY, for the appellant, contended that the circuit court had no jurisdiction of the case, and should have repudiated it, because there was no judgment in said cause, in the justice's court, at the time the appeal was taken, and there cannot be an appeal in a case where there is no judgment.

BROCK & PRESLEY, contra, cited Vaughn v. Robinson, 22 Ala. 519; Wetumpka & Coosa Railroad Co. v. Bingham, 5 ib. 657; Code, §§ 2368, 2401, 2405.

RICE, C. J.—The only question raised by the appellant, is, whether the circuit court had jurisdiction of the case. In Hatter v. Eastland, 22 Ala. R. 688, this court said, "All that is necessary to authorize the circuit court to try a case under fifty dollars, so far as the mere question of authority is concerned, is the fact that it was brought before it from the

inferior tribunal, and was determined there." That fact is clearly shown in the present case (Larcher v. Scott, 2 Ala. Rep. 40) ; and although it appears that the appellant took an appeal to a jury, from the justice's judgment, and although it is not expressly stated in the record that such appeal was actually tried, yet, inasmuch as afterwards he took an appeal to the circuit court, and gave bond for this last appeal, and as he appeared in the circuit court, and pleaded the general issue to the statement there filed, and after two continuances and a mistrial, had a trial by jury, he cannot be permitted in this court to raise the objection, for the first time, that the circuit court had no jurisdiction.—Vaughn v. Robinson, 22 Ala. R. 519 ; W. & C. R. R. Co. v. Bingham, 5 Ala. R. 657 ; Hatter v. Eastland, *supra.*

There is no error in the record, and the judgment is affirmed.