# Boulden v. Liberty Insurance Co.

*Action on a Fire Insurance Policy.*

1. *Action on insurance policy;pleading; sufficiency of rejoinder.*—In a action on a fire insurance policy, where the plaintiff in his replication pleads as the waiver of the breach of certain conditions of the policy, which the defendant company sets up in its plea as a defense to the action, that the defendant's adjuster offered to pay a smaller amount than the face of the policy in settlement of the loss, and that defendant also, after loss, before determining whether it would exercise its right of option to replace the building, had the plaintiff to go to the expense of procuring estimates of the cost of rebuilding, a rejoinder thereto by defendant, which simply denies the authority of its adjuster to make a proposition for settlement, without traversing or answering in any way the other material allegation of the replication, as to the defendant, while acting for itself, causing the plaintiff to incur expense in obtaining estimates, &c., fails to meet the issue tendered in the replication, and is, therefore, insufficient and demurrable.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

The facts of the case are sufficiently stated in the opinion.

CHARLES B. POWELL, for appellant.—The special plea of waiver after loss, where the insurance company required of the insured to do some act required in the policy, or to go to expense or trouble in relation thereto was a full answer to the forfeiture claimed, and the defendant should have, in its rejoinder, confessed and avoided, and the failure to do so compelled plaintiff to

join issue on immaterial matter.—11 Amer. & Eng. Encyc. of Law, 341, 342 ; *Oshkosh G. L. Co. v. Germania Fire Ins. Co.*, 71 Wis. 454 ; *Cannon v. Home Ins. Co.*, 53 Wis. 585 ; *Key v. Des Moines Ins. Co.*, 41 N. W. Rep. 614 ; *Penn. F. I. Co. v. Kittles*, 39 Mich. 51 ; *Argall v. Ins. Co.*, 84 N. C. 355.

The rejoinder setting up lack of authority in any agent of the company to make a waiver after loss was merely the denial of the legal proposition that certain conduct of the insurer will amount to a waiver of forfeitures after loss, and was not a confession and avoidance of the facts set up in the replication, which constituted a waiver after loss.—*Mason v. Craig*, 3 Stew. & Port. 389 ; *Winter v. Mobile Sav. Bank*, 54 Ala. 172.

LEE & BELL and ARNOLD & EVANS, *contra*.

HEAD, J.—This was a suit on an insurance policy issued by appellee insuring the East Lake Hotel from loss by fire. Among other pleas defendant interposed the following : ''That said policy is void and it is not liable for any loss to the plaintiff under the same, for defendant says that there is a condition in said policy which was an inducement to the defendant to enter into such contract, that said policy should be void, if the interest of the assured were other than unconditional and sole ownership, or if the subject of the insurance were a building on leased ground not owned by the assured in fee simple, and defendant shows and avers that the interest of the assured in the subject matter of the insurance was not unconditional and sole ownership, and further that the subject of the insurance was a building and that said building was on ground not owned by the assured in fee simple, wherefore said defendant says it it is not liable for any loss under said policy and this it is ready to verify.'' To which plea plaintiff Boulden filled the following special replication : ''Now comes the plaintiff by his attorney and by way of special replication to pleas No. 3 and 4 in defendant's pleas plaintiff says : that the said defendant company, after the loss or destruction of the property, and after being informed and with knowledge of the facts out of which a forfeiture is claimed in said pleas, waived the said forfeiture in this, that the adjuster, G. G. Adams, agent of defendant

.company, proposed to the plaintiff to pay him a sum of money, to-wit, $14,000, in settlement of the loss under said policy on said building, in all amounting to $15,000 ; and further that by the terms of said policy defendant company had the right or option to pay the plaintiff the amount after loss, or replace the building destroyed, and before determining which the defendant company would do, they required of this plaintiff that he should have an estimate made by a builder of the costs of replacing said building, and so required of this plaintiff, which he did at a cost of $25 therefor which this plaintiff paid." To which replication the defendants rejoined as follows : 2d. "And for other and further rejoinder to said replication and to each allegation thereof separately defendant says, that no agent or adjuster of this company, or any other person, had any authority from this company to do any of the acts set forth in said replication." To this rejoinder the plaintiff demurred, and among other grounds of demurrer set up as follows :    (1.)    "That the issue therein tendered does not meet plaintiff's replication, and the facts set forth in said rejoinder are already in issue."    (2.)    "That said rejoinder is an answer to a replication setting forth a waiver on part of defendant and does not traverse, confess or avoid plaintiff's replication." The circuit court overruled the demurrers, which ruling is here assigned as error.

The rejoinder manifestly failed to answer the most material allegation of the replication. Let it be conceded (and it may be doubted if the concession can properly be made) that it traverses the alleged offer of defendant's adjuster to pay plaintiff $14,000, and therefore performs the office of a general issue upon the replication so far as that averment is concerned ; yet it does not answer at all the remaining averment that the defendant itself (not its adjuster or agent) caused plaintiff to incur and pay the alleged expenses of $25.    The defendant acted for itself in that matter, according to the replication, and the rejoinder that no agent of defendant was authorized to do the act is clearly no answer.    The demurrer to the rejoinder ought to have been sustained.

Reversed and remanded.