[Oklahoma Vinegar Co. v. Kaupp.]

# Oklahoma Vinegar Co. *v.* Kaupp.

## *Action of Assumpsit.*

1. *Appeal from justice of the peace; sufficiency of judgment recital in statement.*—Where an appeal has been taken from a judgment rendered in a justice of the peace court, and the justice of the peace in compliance with the statute sends to the appellate court the original papers and a statement of the case and the judgment rendered, signed by him, (Code, § 484), in which statement it is recited that the defendant made a tender of the amount claimed to be due the plaintiff, the recital in said statement that "the court heard the evidence and considers from the evidence and the contract in court that the tender is all that is due the plaintiff, and so renders judgment," is sufficient to show a judgment authorizing an appeal.

APPEAL from the City Court of Talladega.
Tried before the Hon. G. K. MILLER.

The appellant, Oklahoma Vinegar Company, brought an action of assumpsit against the appellee, F. H. Kaupp in a justice of the peace court. The defendant filed in said court a plea averring that he did not owe the plaintiff the amount sued for, but was due him the sum of $11.20, and in said plea tendered to the sheriff said amount, together with the court costs. The amount of the tender together with the costs was paid into court. From a judgment in favor of the plaintiff for the amount tendered, the plaintiff appealed to the city court of Talladega, and gave an appeal bond which recited that there had been an appeal taken from a judgment rendered by a justice of the peace before whom the suit was instituted for the amount tendered by the defendant. In his statement accompanying the original papers sent up to the city court after the appeal was taken, the justice of the peace stated that "Defendant makes a tender of

$11.20 and $2.85 amount of costs to date, stating this as the amount due them [the plaintiffs]." The further recital in this statement as to the judgment is copied in the opinion. In the city court the defendant moved the court to dismiss the appeal taken by the plaintiff from the judgment of the justice of the peace, upon the ground that no judgment was rendered by the justice of the peace from which an appeal would lie, and that the entry made by such justice, as it appears from the transcript, was not. an entry of a valid judgment. Upon the hearing of this motion the court granted it and dismissed the appeal. To the rendition of this judgment the plaintiff duly excepted. The plaintiff appeals, and assigns as error the rendition of judgment dismissing the appeal.

EDWARDS & SIMS, for appellant, cited Code of 1896, § 484; *Locker v. Scott,* 2 Ala. 40; *McAlpine v. Pool,* Minor 316; *Bolin v. Sandlin,* 124 Ala. 579.

DRYER & WEBB, *contra,* cited *Foster v. Napier,* 74 Ala. 393; *Bell v. Otts,* 101 Ala. 186; *Francis-Chenoweth H. Co. v. Bailey,* 104 Ala. 566; *Dickinson v. Walker,* 1 Ala. 48; *Thompson v. Roberts,* 115 Ala. 696; *Spence v. Simmons,* 16 Ala. 828; *Turner v. Dupree,* 19 Ala. 198; *Flack v. Andrews,* 86 Ala. 395.

DOWDELL, J.—In compliance with section 484, Code of 1896, the justice of the peace sent up to the city court to which the appeal had been taken the original papers together with a statement, signed by him of the case and the judgment rendered by him. The statement as to the judgment was as follows: "The court heard the evidence, and considers from the evidence and contract in court that the tender is all that is due the plaintiffs and so renders judgment." This is sufficient to show a judgment authorizing an appeal. Moreover, it has been decided by this court as far back as 2 Ala.—*Larcher v. Scott,* p. 40—that the omission of the statement required by the statute of the justice of the peace ought not to

prejudice the party appealing, when the recitals in the appeal bond show that a judgment was rendered, citing *McAlpine & Read v. Pool*, Minor Rep. 316.   In the absence of any proof, as in the present case, that no judgment was in fact rendered by the justice, we do not question the soundness of the ruling in *Larcher v. Scott, supra*.

The city court was in error in dismissing the appeal, and the judgment will be reversed and the cause remanded.

Reversed and remanded.