# Sloss-Sheffield Steel & Iron Company v. Vinzant.

*Action by Parent for Injury to Minor Son.*

(Decided Nov. 21, 1907.  44 So. Rep. 1015.)

1. *Parent and Child; Injury to Child; Measure of Plaintiff's Damages.*—While a father may recover for the loss of his son's services and any extra expense in caring for and curing him of the injury, he may not recover for lodging, board and clothing as those are ordinary expenses for which the father is liable, irrespective of any injury.

2. *Damages; Evidence.*—The fact that the son had fainting spells may not be shown in aggravation of damages, unless there is evidence showing a causal connection with the injury complained of.

3. *Pleading; Waiver of Insufficient Pleading.*—Where the plaintiff did not question the insufficiency of the plea, but took issue on it, and the evidence showed that the bar was complete, the defendant was entitled to the general charge, although the plea of limitations was not in Code form.

APPEAL from Franklin Circuit Court.

Heard before Jos. H. Nathan.

[Sloss-Sheffield Steel & Iron Company v. Vinzant.]

Personal injury action by J. S. Vinzant against the Sloss-Sheffield Steel & Iron Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

TILLMAN, GRUBB, BRADLEY & MORROW, and GEO. P. JONES, for appellant. The court erred in permitting the question as to what was the reasonable cost of the lodging, boarding and clothing of the son since his return home, and since the injury.—Rays Neg. of Imposed Duties, pp. 605-6; *Telfer v. N. R. R. Co.,* 30 N. J. L. 210. The court erred in refusing to grant defendant's motion to exclude the testimony of the plaintiff in reference to the sinking spell on the ground that it was illegal and that no causal connection was shown between the injury and these spells.—*Pool v. Deevers,* 30 Ala. 672; *Warren v. Wagner,* 75 Ala. 201. The court gave the general charge as to counts 1 and 2, and as counts 3 and 4 were not withing the lis pendens, and were filed more than a year after the injury, defendant was entitled to the affirmative charge thereon.—*Nelson v. 1st Nat. Bank,* 139 Ala. 578. Conceding that they were within the lis pendens plaintiff took issue on the 2nd plea thereto which was proven entitling defendant to the affirmative charge. —*McGhee, et al. v. Reynolds,* 117 Ala. 413; *Taylor v. Smith,* 104 Ala. 538; *N. C. & St. L. R. R. Co. v. Hill,* 40 South. 612.

KIRK, CARMICHAEL & RATHER, and E. W. GODBEY, for appellee. No brief came to the Reporter.

SIMPSON, J.—This was an action for damages, brought by the appellee against the appellant, on account of injuries to J. M. Vinzant, the minor son of the plaintiff. The first and second counts were eliminated,

by motion to strike and demurrers sustained, and the trial proceeded on the third and fourth counts. The count third alleges that the defendant, and the fourth that defendant's servants, employed plaintiff's said son wrongfully and without plaintiff's consent, and that while so employed his said son received the injury complained of. The assignments of error do not raise any question as to the sufficiency of the complaint or the pleas. The first plea is the general issue, and the second that the "supposed causes of action in said counts mentioned did not, nor did either of them, accrue at any time within one year next before the filing of said counts. * * *" Defendant pleads the statute of limitations of one year.

The first assignment of error insisted on is to the action of the court in overruling the defendant's objection to the question to the plaintiff, as a witness, "What was the reasonable cost of the lodging, boarding, and clothing of your son, since he returned home, and since his injury?" and also in overruling defendant's motion to exclude the answer thereto. If the parent is entitled to recover in this case, the measure of his damages is the loss of the services of the son, to which could be added any extra expenses in the care and cure of his son, resulting from the injury; but the lodging, boarding, and clothing of his son are but the ordinary expenses for which the parent is responsible, irrespective of the injury. Consequently, it was error to permit the proof of the cost of the performance of these duties to the parent. In addition, there is no claim in either count for this.

As to the overruling of the motion to exclude the testimony of the defendant as to the "spells" of fainting by his son, it is needless to pass upon the question as to whether the question should have been objected to. It is sufficient to say that, if objection be made seasonably

[Woodward Iron Company v. Curl.]

and properly, such testimony should not be admitted, unless there is evidence showing some causal connection with the injury.

It will be observed that the defendant did not plead the statute of limitations in Code form, but alleged that the cause of action did not accrue at any time within one year next before the filing of the counts, and that the plaintiff did not question the sufficiency of said plea, but took issue on the same. It was clearly proved that the cause of action accrued more than a year before the filing of said counts. Hence, though the issue may have been an immaterial one, the plea being proved, the defendant was entitled to the general charge. The court erred in refusing to give the same on request of the defendant.—*McGhee & Fink v. Reynolds,* 117 Ala. 413, 23 South. 68; *Taylor v. Smith,* 104 Ala. 538, 16 South. 629; *Nashville, C. & St. L. Ry. v. Hill,* 146 Ala. 240, 40 South. 612.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.