# Andrews *v.* Burton.

*Assumpsit.*

(Decided June 30, 1909.—50 South. 359.)

1. *Appeal and Error; Record; Intermediate Courts.*—Where the recitals of the appeal bond executed by the defendant to carry the cause on appeal from the justice to the circuit court show that a certain judgment was rendered for plaintiff against defendant by the justice court, an insistence here that the record shows that no judgment was rendered in the justice court is without merit.

2. *Same; Objection; Necessity for in the Trial Court.*—An objection that the judgment rendered in the justice court was for more than claimed in the complaint, cannot be made for the first time in this court on appeal.

3. *Same; Presentation of Objection.*—The point that no papers in the case and no officially signed statement of the case and of the judgment rendered by the justice in the cause were returned by the justice to the circuit court, even if possessing merit when considered in the light of the provisions of section 4720, Code 1907, was waived by not having been made in the circuit court.

APPEAL from Chambers Circuit Court.

Heard before HON. S. L. BREWER.

[Andrews v. Burton.]

Action by Charles Burton against Walter Andrews. The plaintiff had judgment in the justice court, and the defendant appealed to the circuit court, where judgment was also rendered for the plaintiff, and the defendant again appealed. Affirmed.

E. M. OLIVER, and R. B. BARNES, for appellant. Counsel discuss assignments of error, but without citation of authority.

HINES & FULLER, for appellee. No brief came to the reporter.

DENSON, J.—This action was commenced before a justice of the peace. From the judgment rendered by the justice against the defendant, he appealed to the circuit court. In that court trial was had, and judgment was rendered on the verdict of a jury against the defendant for $53.66. The defendant has appealed the cause to this court, and seeks a reversal on account of supposed fatal defects in the record of the proceedings; there being no bill of exceptions.

First, it is assigned for error that the record shows that no judgment was rendered in the justice court; second, that the judgment in the circuit court is for an amount greater than that claimed in the complaint; and third, that the record shows that no papers, and no officially signed statements of the case and of the judgment rendered by him in the cause of Charles Burton v. Walter Andrews, were returned by the justice of the peace to the clerk of the circuit court. In the appeal bond executed by the defendant to carry the cause to the circuit court, the recitals show that a judgment was rendered by the justice in favor of the plaintiff and against the defendant in the sum of $50. Therefore the

[Davis v. Simpson Coal Co.]

first assignment of error is without merit. *Oklahoma, etc., Co. v. Kaupp,* 136 Ala. 629, 33 *South.* 868, and cases there cited.

The record shows that the point presented by the second ground of error was not made in the circuit court; hence it is without merit in this court.—*Smith v. Dick,* 95 Ala. 311, 10 South. 845.

If the point made by the third ground of error assigned ever possessed merit (*Larcher v. Scott,* 2 Ala. 40; *McAlpin v. Pool,* Minor, 316; *Oklahoma etc., Co. v. Kaupp, supra,*) it was waived by the appellant's failure to make it in the circuit court. Code 1907, § 4720.

There is no error in the record, and the judgment of the circuit court must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.