# Tidwell v. Robinette.

## Detinue and Trover.

(Decided April 13, 1915.  68 South. 555.)

1. *Appeal and Error; Bond; Courts.*—Where the transcript of the docket of the justices of peace and the appeal bond show a judgment within the jurisdiction of the inferior court to have been rendered against the defendant, the defendant cannot claim that the judgment was void as having been rendered by a court unknown to the laws of this state.  (Section 4720, Code 1907, Local Laws, 1911, 1911, p. 148.)

2. *Same; Reservation of Objection.*—Where a defendant has failed to object to a defect in proceedings before the inferior court, he cannot urge them on appeal to the circuit court.

3. *Same.*—Where no such objection was made in the circuit court on an appeal from an inferior court, it cannot be urged on further appeal that the judgment of the inferior court is in excess of the amount, with interest, which the lower court had jurisdiction to render.

4. *Pleading; Objections; Waiver.*—Where no objections are taken to the sufficiency of a plea, and its averments are proven, the defendant is entitled to judgment thereon, although the plea may be defective.

5. *Animals; Estrays; Notice.*—Where stock running at large have been taken up as estrays under section 5890, Code 1907, the owner need not be given personal notice of such fact, where he already had knowledge of it.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Detinue by G. W. Robinette against D. B. Tidwell. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The original action was in detinue, and the claim was for the recovery of a cow, together with the hire and use thereof.  To this was added the count in trover for $100 over the objection of defendant.  Plea 2 sets up that prior to the bringing of this action said cow described in the complaint was found at large and uncontrolled on the premises of defendant, and that said defendant took up said cow under and by virtue of section 5890

of the Code, and said plaintiff was duly notified of said taking up; that said premises upon which said cow was running at large was situated in an incorporated city; and that he holds possession of said cow in and by virtue of section 5893 of the Code.

GEORGE E. BUSH, for appellant. The court should have quashed the judgment set out in the transcript from the inferior court.—*Hemphill v. Coats,* 4 S. & P. 125. The defendant's plea was fully proven under sections 5890, 5893-94 and 5897, Code, and the defendant was entitled to a verdict. Personal notice is not necessary where the party already has the notice.

FRANK S. ANDRESS, for appellee. Where no objection is taken to an irregularity in the inferior court, such objection cannot be taken in the court to which an appeal is taken.—*Andrews v. Burton,* 162 Ala. 422; *Hudgens v. Creola Lumber Co.,* 164 Ala. 561; section 4720, Code 1907. If it should appear that judgment was rendered for a sum greater than the jurisdiction of the inferior court, and no advantage was taken of it in such court, advantage cannot be taken of it on appeal to the circuit court, as the trial there is de novo, and the circuit court had jurisdiction.—*R. R. Co. v. Hutto,* 102 Ala. 575; *Brandon v. Progress Co.,* 167 Ala. 365.

PELHAM, P. J.—This action in detinue was commenced in the inferior court of Woodlawn (or for precincts 10, 34, and 46 of Jefferson county) by the appellee as plaintiff in that court, against the appellant as defendant. From a judgment rendered in favor of the plaintiff by the judge of the inferior court, the defendant prosecuted an appeal to the circuit court of Jefferson county. In that court the defendant moved to vacate and annul the judgment of the inferior court as

[Tidwell v. Robinette.]

having been rendered by "a court unknown to the laws of Alabama." The motion having been overruled, the defendant duly reserved an exception to the court's ruling.

The transcript from the docket of the judge of the inferior court sent up with the original papers to the circuit court shows a regular judgment, good in form, rendered by that court within the jurisdiction conferred on it by law.—Local Acts 1911, p. 148 et seq. This act requires (section 6) that the law regulating appeals from courts of justices of the peace shall apply to appeals from the inferior court, and section 4720 of the Code provides that on appeals such cases must be tried de novo "according to equity and justice, without regard to any defect in the summons, or other process, or proceedings before the justice." The recitals in the appeal bond executed by the defendant to carry the case on appeal from the inferior court show a judgment within the jurisdiction of the court to have been rendered for the plaintiff against the defendant, and the insistence to annul the judgment is without merit.—*Andrew v. Burton,* 162 Ala. 422, 50 South. 359. The defendant made no objection to any defect in the summons or other process or proceedings before the inferior court, and, once having abandoned such objection, could not revive it on appeal to the circuit court.—*Woolf v. McGaugh,* 175 Ala. 299, 308, 57 South. 754. ·

The amendments to the complaint filed in the inferior court were properly allowed. While the judgment recovered on this complaint for wrongful detention would appear to be in excess of the amount, with interest added at the legal rate, for which the inferior court had jurisdiction to render judgment, no objection is shown to have been raised to the judgment on this account, and its correctness cannot be inquired into here.—*R. & D.*

42 CA

*R. R. Co. v. Hutto,* 102 Ala. 575, and authorities cited on page 577, 14 South. 875; also, *Anderson v. Winton,* 136 Ala. 422, 433, 34, South. 962.

One of the issues upon which the case was tried was the issue tendered on the defendant's special plea No. 2. The allegations of this plea were established without conflict in the evidence, and, though it should be conceded (which we do not decide) that this was an immaterial or defective plea, yet, its allegations having been proven, the defendant was entitled to a judgment, and the court was in error in refusing the general charge in writing requested by him.—*L. & N. R. R. Co. v. Mason,* 4 Ala. App. 353, 58 South. 963; *Sloss-Sheffield S. & I. Co. v. Vinzant,* 153 Ala. 212, 44 South. 1015.

The admission of the plaintiff, as well as the uncontradicted evidence, shows that the plaintiff, as owner of the stock taken up by the defendant, had personal knowledge of the fact within a very few hours after the animal had been taken possession of by the defendant, and it was not incumbent upon the defendant, in order to comply with the requirements of section 5890 of the Code, to personally give notice to the owner of a fact which he knew the owner already had personal knowledge of. The law does not require the doing of a useless thing. The evidence without conflict shows that, the same evening the animal was taken up by the defendant, the plaintiff knew of it, and early next morning was seeking to get posession of the animal (a cow) from the defendant. The object and purpose of the statute (section 5890 of the Code of 1907) is, not that the person who takes up the animal shall in person give notice to the owner of having taken it up, but that the owner shall have personal notice of that fact.

For the error pointed out, the judgment appealed from is reversed, and the cause remanded.

Reversed and remanded.