[Atlas Life Assur. Co. v. Moman.]

# Atlas Life Assur. Co. v. Moman.

## Assumpsit.

(Decided October 26, 1915. 69 South. 989.)

1. **Insurance; Action on Policies; Pleading.**—Where the action was by a beneficiary on a life insurance policy, and defendant interposed plea of forfeiture, and plaintiff's replications thereto presented an issue of a deceptive breach of the covenant of sound health, and a waiver thereof by the acceptance by the agent of premiums with full knowledge of assured's sickness, while in the exercise of his apparent authority, and there was no attack upon the sufficiency of the replication, it was proper to admit in evidence conversations between the beneficiary and the agent, wherein the agent in response to information that assured was sick when the policy was delivered, and was still sick, declared that the company would carry out its contract, as, under the record, the admission of evidence was governed by the facts set up in the replication, and not by the pleader's conclusion of law therein as to waiver or estoppel.

2. **Appeal and Error; Review; Matters Presented.**—Where the sufficiency of a replication, pleading waiver or estoppel, is not tested by demurrer in the court below, that question is not presented on appeal for review.

3. **Insurance; Forfeiture; Policy Stipulated; Failure to Plead.**—Where the replication presented the question of waiver and estoppel, a failure of defendant to set up by rejoinder the defense based upon the stipulation in the policy that agnts have no authority to waive forfeiture, was a waiver of that defense.

4. **Same.**—Where defendant joined issue on a replication which asserted the acceptance of premiums by the agent with full notice of assured's sickness while acting within the scope of his apparent authority, and did not test the sufficiency of the replication by demurrer, thus accepting the replication as an answer to the plea of forfeiture, the fact that the agent was not auhorized to waive forfeitures was no answer to the replication.

5. **Charge of Court; Inapplicable to Pleading.**—Where issue was joined on the replications of waiver and estoppel, charges requested by defendant which ignored these issues were properly refused, although applicable under rejoinders to other replications.

6. **Insurance; Misrepresentation; Forfeiture.**—A charge asserting that a misrepresentation of fact made with actual intent to deceive defendant required a verdict for defendant, was properly refused since to constitute a forfeiture, the misrepresentation must have been of a material fact upon which defendant relied, and by which he was deceived.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Sol. Moman against the Atlas Life Assurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The action was upon a policy issued on the life of Lizzie Moman September 23, 1913, the said Lizzie dying October 14, 1913, after having paid two weekly premiums, and the premiums having been paid beyond the date on which said Lizzie died.

The following are the pleas referred to:

(2) Plaintiff should not recover for this: That in the policy of insurance sued on the insured covenanted and agreed as follows: "Provided, however, that no obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health." And defendant avers that on, to-wit, October 6, 1913, said date referred to, the insured was not in sound health, but was suffering from the effects of a certain disease or trouble, to-wit, fever, which rendered insured in ill health; and defendant avers that by reason of the ill health of the insured on the date of the delivery of the policy aforesaid the insured breached the said covenant in said policy, and that, as a proximate consequence of said breach, defendant assumed no liability under said policy. Defendant avers that it had no knowledge of said breach of warranty or covenant when it delivered said policy.

(9) Same as 2, except as to the last sentence, and there it is averred that defendant had no knowledge of said breach or misrepresentation at the time of the delivery of said policy.

(10) Same as 2, with the additional averment that the breach of said covenant was made with actual intent to deceive defendant, and defendant assumed no liability under the said policy, and concludes as does the ninth plea.

The following are the replications referred to:

(11) For answer to defendant's pleas 2, 9, and 10, separately and severally, plaintiff says that one C. H. McRae, who was an agent of defendant, and while acting within the line and scope of his authority, and with full knowledge of the real facts as to insured's physical condition at the time, and with knowledge of the fact that she was not in sound health at the time of the delivery of said policy, but that she was sick in bed at such time, accepted the premiums on said policy and retained the same, together with those premiums which had already been collected on said policy, and plaintiff alleges that defendant had thereby waived its right to set up as a defense to this suit the fact that insured was in unsound health at the time of the delivery of the policy.

(12) For answers to defendant's pleas 2, 9, and 10, separately and severally, plaintiff says that the insurance covered by the insurance policy sued on was effected by and through an agent of defendant, to-wit, C. H. McRae, and that said agent, while acting within the line and scope of his apparent authority, accepted premiums on said policy after he knew and had notice of the fact that the insured was in unsound health at the time of the delivery of the said policy to her, and defendant was thereby estopped from setting up the defense in this case that insured was not in sound health at the date of the delivery of the policy.

The following charges were refused to the defendant:

(3) If you believe from the evidence in this case that insured was not in good health at the time of the delivery of the policy to her and collection of premiums, and that insured did not tell the agent delivering said policy that a physician had advised her removal to a hospital or infirmary, and an operation, then you must find for defendant.

(4) If you believe from the evidence in this case that insured was suffering from illness at the time of delivery of the policy sued on, from which illness insured died, then you must find for defendant.

(5) If you believe from the evidence in this case that insured was in ill health at the time of the delivery of the policy sued on, you cannot find for plaintiff.

(6) If you believe that insured was suffering from the effects of fever or any other disease at the time of the delivery of the policy sued on, you must find for defendant.

(8) Substantially the same as 3.

(9) If you believe from the evidence in this case that defendant did not know that a physician had advised the removal of insured to a hospital or infirmary and an operation, you must find for defendant.

(10) If you believe from the evidence in this case that insured at the time of the delivery of the policy sued on, and the payment of the premiums, was suffering from a disease likely to produce death, which fact was known to her, and she failed to disclose this fact, to the agent at the time of the delivery of the policy sued on, then plaintiff cannot recover.

(11) If you believe from the evidence that insured, at the time of the delivery of the policy sued on, and the collection of

the premiums, failed to tell the agent who delivered said policy certain material facts concerning her condition, and that said facts increased the risk of death, then it makes no difference that the agent knew that insured was in ill health, and you must find for defendant.

(12) An insurance agent with authority to solicit insurance, receive and receipt for premiums, cannot by his act estop the insurer from relying on the terms of its written contract.

(16) If you believe from the evidence in this case that insured misrepresented facts with actual intent to deceive defendant, then you must find for defendant.

(17) The delivery of a policy, even with notice that insured was ill, will not operate as a waiver or create an estoppel where material facts are concealed as to the nature and extent of her illness.

The other charges mentioned are but variations of the charges above set out.

COLEMAN & COLEMAN, for appellant. LEADER & EWING, for appellee.

BROWN, J.— (1) Under the issues formed by the plaintiff's replications 11 and 12 to the defendant's pleas 2, 9, and 10, a portion of the conversation between the plaintiff and McRae at the defendant's office in the city of Birmingham at the time one of the premiums on the policy was paid, in which plaintiff told McRae, the defendant's general agent, that the insured was sick at the time the policy was delivered, and was still sick at the time of the conversation, in response to which McRae stated that the company would carry out its contract, was clearly admissible, and the objection and motion going to the whole of this conversation was properly overruled.—*Hill v. State*, 146 Ala. 51, 41 South. 621. The substance of the issue presented by the eleventh replication was that one McRae, an agent of defendant, while acting within the line and scope of his authority, and with full knowledge of the real facts as to the insured's physical condition, and that she was not in sound health, but was sick in bed when the policy was delivered to her, accepted the premiums on said policy and retained the same. And the substance of the twelfth replication was that the issuance of the insurance policy sued on was effected through defendant's agent, one McRae, and that said agent, while acting within the line and scope of his

apparent authority, accepted premiums on said policy after he had notice of the fact that the insured was in unsound health at the time of the delivery of said policy. In interpreting the issue in the admission of the evidence, the court must necessarily be governed by the facts stated in the pleadings, and not the conclusions drawn from the facts stated.—*Ragsdale v. Kinney*, 119 Ala. 460, 24 South. 443. The testimony of the witness tending to show McRae's knowledge of the illness of the insured at the time the policy was delivered, as well as at the time of the payment of the premiums, tended directly to prove these replications.

(2) We are not to be understood as holding that the matters set up in the replications were good either as a waiver of the forfeiture or as an estoppel; the sufficiency of these replications were not tested by demurrer, so far as this record shows, and therefore their sufficiency in law is not presented.—*Sloss-Sheffield S. & I. Co. v. Vinzant*, 153 Ala. 212, 44 South. 1015.

(3) It is no answer to this position that the policy contained a stipulation that: "Agents (which term includes superintendents or assistant superintendents) are not authorized and have no power to make, alter, or discharge contracts, waive forfeitures, or receive premiums on policies in arrears more than four months," etc.

In order for the defendant to obtain the benefit of this clause in the policy, it was necessary that it be pleaded by rejoinder in response to these replications, and by failing to plead the stipulation the defendant waived it.—31 Cyc. 267 (V, B, 1) ; 11 Enc. P. & P. 421 (VII ,2) ; Id. 426 (I&) ; *Fike v. Stratton*, 174 Ala. 541, 559, 56 South. 929; *Freeman v. Travelers' Ins. Co.*, 144 Mass. 572, 12 U. E. 372; *Boulden v. Liberty Ins. Co.*, 112 Ala. 490, 20 South. 526; *Thompson v. Parker*, 68 Ala. 387.

(4) The twelfth replication does not assert that the agent was acting within the scope of his authority, but "while acting within the scope of his apparent authority," and by taking issue on this replication without testing its sufficiency, the defendant accepted it as an answer to its pleas, and the fact that the agent was not authorized to waive forfeitures was not an answer to the replication.—*Boulden v. Liberty Ins. Co.*, *supra*.

(5) The rejoinders were only applied to plaintiff's replications 8, 9, and 10, and were not tendered as an answer to replications 11 and 12, but issue was joined on these replications. Charges 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 17, 18, 19, and 20

[Dothan Grocery Co. v. White Bros.]

ignore the issues presented by the eleventh and twelfth replications, and were therefore properly refused.—*Frierson v. Frazer,* 142 Ala. 232, 37 South. 825; *Ala. Steel & Wire Co. v. Thompson,* 166 Ala. 460, 52 South. 75.

While charge 12 may be abstractly correct, it clearly ignored some of the issues presented by the pleadings.

(6) Charge 16 was well refused. The misrepresentation must have been of a material fact, and the misrepresentation must have been relied on, and the defendant deceived thereby.

The evidnce adduced required a submission of all the issues to the jury, and the affirmative charges were properly refused to defendant.

After a careful consideration of the evidence as applicable to the issues in this case, we do not feel warranted in holding that the court was not justified in refusing a new trial.

Affirmed.