### EMPIRE GUANO CO. v. CORNELIUS.
(6 Div. 229.)

(Court of Appeals of Alabama. Nov. 13, 1923.)

1. Pleading ⬥409(4)—Directed verdict proper, where issues joined on immaterial plea which is proved without conflict.

Defendant was entitled to the affirmative charge in a suit on a promissory note, where plaintiff did not question the sufficiency of an immaterial plea of alteration, and the parties joined issue thereon, and the evidence proved it without conflict.

2. Appeal and error ⬥907(4)—Bill of exceptions not containing all evidence raises presumption in favor of ruling of trial court.

Where bill of exceptions failed to affirmatively show that it contained all the evidence, a presumption in favor of the ruling of the trial court is created as to the giving of an affirmative charge.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Action by the Empire Guano Company against Z. H. Cornelius. From a judgment for defendant, plaintiff appeals. Affirmed.

James Kay, of Oneonta, for appellant.

It was error to give the affirmative charge for defendant. Code 1907, §§ 3964, 3973;

Ikard v. Armstrong, 10 Ala. App. 657, 65 South. 849; Hodges v. Tenn. Imp. Co., 123 Ala. 572, 26 South. 490; Stegall v. Wright, 143 Ala. 204, 38 South. 844.

Ward, Nash & Fendley, of Oneonta, for appellee.

Defendant was entitled to the affirmative charge, as given.

FOSTER, J. [1] The appellant brought suit against appellee to recover a balance alleged to be due on a promissory note, executed by appellee to Goddard Bros. & Copeland, a partnership. The complaint averred that the note "was indorsed to plaintiff for a valuable consideration before maturity and in the usual course of trade."

Among other pleas, appellee filed in the circuit court plea A which reads as follows:

"Now comes the defendant and for further answer to the complaint pleads and says that the note herein sued on has been altered since its execution, in this: There have been written in the face of said note the following words and figures: '700 pounds of Rain 10–2–2,' or '2,000 pounds of 12–0–2' or '$191.70 one hundred ninety one and 70/100,' all of which the defendant pleads as a defense to this suit."

No objection was taken to the plea by demurrer or otherwise. No replication was filed. The evidence without conflict proved the plea. Where parties join issue on an immaterial plea, and the plea is proven, the defendant is entitled to a verdict and judgment. Sloss-Sheffield S. & I. Co. v. Vinzant, 153 Ala. 212, 44 South. 1015. The trial court properly gave the affirmative charge for the defendant.

[2] Furthermore, the bill of exceptions failing to affirmatively show that it contains all of the evidence raises a presumption in favor of the ruling of the trial court as to the giving of the affirmative charge. Sherrill v. L. & N. R. R. Co., 148 Ala. 1, 44 South. 153.

The judgment of the circuit court is affirmed.

Affirmed.