## LARCHER v. SCOTT.

1. When the appeal bond, taken by the justice of the peace before whom the cause was tried, shews the sum for which judgment was rendered, it is irregular to dismiss the appeal, although the justice of the peace has omitted to send a statement of the case to the appellate Court.

Writ of error to the County Court of Mobile County.

SCOTT sued Larcher before a justice of the peace, and the latter appealed to the County Court. The only papers sent up by the justice, are the warrant and the appeal bond. No statement of the cause is furnished by the justice; but the appeal bond recites the judgment rendered by him. The County Court dismissed the appeal, and awarded a *procedendo* to the justice. Larcher prosecutes this writ of error, and assigns that the County Court erred in dismissing the appeal.

STEWART, for the plaintiff in error.

No Counsel appeared for the defendant.

PER CURIAM.—The statute regulating appeals, requires the justice of the peace who decides the cause, to send a statement of it to the appellate Court; but his omission to do so, certainly ought not to prejudice either party. The recital of the judgment, which is contained in the condition of the appeal bond, furnishes sufficient evidence of its existence. [McAlpin v. Paul, Minor, 316.] The County Court should have proceeded to try the cause *de novo*.

Let the judgment be reversed and remanded.