# South & North Alabama Railroad Co. v. Pilgreen.

### Action for Stock killed.

1.  *Railroad; ownership of trains running on.*—Courts will judicially know that, as a general rule, trains running upon a railroad are run, directed, and controlled by the owners of the road.

2.  *Evidence; what sufficient to justify recovery against railroad company.*—In an action to recover damages for injuries to live stock, inflicted by a train run

on defendant's road, the plaintiff is not required to prove affirmatively that the train was controlled by defendant ; in the absence of any evidence to the contrary, the jury is authorized to find the train was so run.

3. *Certiorari; when refusal of not ground for reversal.*—A refusal to award a *certiorari* to a justice of the peace to send up the original papers, together with the statement required on appeal to the circuit court, is not ground for reversal, when it appears from the whole record that awarding the writ would not have affected the result ; the appeal bond being sufficiently formal to give jurisdiction, and it not being stated that the original papers would show a departure in the circuit court, or any other reason shown why the writ should have been granted.

APPEAL from Shelby Circuit Court.

Tried before Hon. JOHN HENDERSON.

This was an action, commenced before a justice of the peace by the appellee, Susan A. Pilgreen, against the appellant, the South & North Alabama Railroad Company, to recover the value of certain cattle alleged to have been killed on the road of appellant. On the trial, it appeared that the justice of the peace had not sent the original papers to the Circuit Court to which the case had been appealed, nor did he sign the statement of the case and judgment rendered, which he sent up. The bond filed on appeal from the judgment of the justice is regular in form, recites the parties to the suit, the amount of the judgment, its date and by whom rendered, and is conditioned to prosecute the appeal to effect, and pay and satisfy such judgment as the circuit court should render on the trial of the cause on appeal. The appellant moved in the circuit court for *certiorari* to be directed to and served on the justice who tried the case, directing him to send up all the original papers in said cause, together with a statement signed by him of the case, and judgment rendered therein ; which motion the court refused, and appellants excepted. The plaintiff introduced evidence tending to show that the stock, for whose killing this suit sought to recover damages, were found dead on or near the road bed of the South & North Alabama Railroad, near a place known as "Mud Cut," below Calera station, on said railroad ; that there was blood on the track, and that the stock bore evidence of having been killed by a train of cars ; and that they were the property of plaintiff. This was all the evidence ; and the appellant asked the court to give the following charge : "That before the plaintiff can recover of the defendant in this case, the jury must be satisfied from the proof that the defendant had control of the train of cars which did the killing, and that those running the train of cars at the time of the killing, were the agents and employes of the defendant, and if they find there is no proof or evidence upon this subject, then they must find for the

defendant. This charge the court refused to give, and the defendant excepted. There was a verdict and judgment for the plaintiff, and the defendant brings the case here by appeal, assigning as error the refusal to grant the motion for a *certiorari*, and to charge as requested.

RICE, JONES & WILEY, for appellant.

JOHN T. HEFLIN, *contra*.

STONE, J.—Railroad companies are private corporations, and their road bed and track are private property. They are of too general use for the courts not to know generally their *modus operandi*. They are not highways for public travel, but are private ways, along which no person is authorized to travel, except by permission or toleration of the owner of the road. A person found upon the track, except for the purpose of crossing, and at a public crossing, may be warned away, and, refusing to get off, may be removed by all the means the owner of a freehold may employ to eject an intruder upon his possessions.—*Tanner v. Louisville & Nashville Railroad Company*, 60 Ala. 621. We judicially know that trains on a railroad, as a rule, are run, directed, and controlled under the authority of the owner of the road. Possibly trains of other roads might pass over the track; but this would be an exceptional case, dependent on agreement outside of the general rule. There is no proof in this record that the train which probably did the injury was being run under any other direction than that of the railroad corporation; and, if necessary to the decision of this case, we will presume the South & North Alabama Railroad Company was running and controlling the train which, it is alleged, caused the damage. The charge asked and refused ignores this presumption, and asserts the proposition that if there is no proof or evidence that the defendant [the railroad corporation] had control of the train of cars which did the killing, then the jury must find for the defendant. The charge was rightly refused.

The appeal bond in this case was very full and formal. It recites the parties to the suit, the date and amount of the judgment, and by whom rendered. The proceedings and judgment in the circuit court are in the names of the same parties, and the judgment is for the same sum. The appeal bond does not show what was the cause of action relied on in the court below. Our statutes of jeofails, relating to appeals from justices' judgments, are exceedingly liberal.— Code of 1876, sections 3121, 3126, 3156. Under our rulings,

[Dean v. Hart, Adm'r.]

any error or informality before the justice of the peace, becomes immaterial when the cause is appealed to the Circuit Court, unless it involves an entire change of parties, or a change of the cause or form of action.—*Davis Avenue Railroad Co. v. Mallon*, 57 Ala. 168; *Glaze v. Blake*, 56 Ala. 379. When an appeal is taken from a justices' judgment to the Circuit Court, the statute requires the justice to return to that court all the original papers in the cause, together with a statement, signed by him, of the case, and the judgment rendered by him. In the present case, the justice did not return the original papers, nor did he sign the statement he sent up, of the case, and the judgment rendered. In this he did not conform to the mandate of the statute. The exception of the appellant is to the ruling of the Circuit Court, in refusing to award a certiorari to the justice, to procure from him the return the statute requires. It was not stated to the court that the return would show any departure in the Circuit Court from the proceedings before the justice; nor was any other reason given, why the writ of certiorari was moved for. The appeal bond, with its recitals, gave the Circuit Court jurisdiction of the cause, showed there had been no change of parties, and showed every thing else that could be alleged against the regularity of the justice's proceedings, except as to the cause of action relied on before the justice. This, as we have said, was no where shown or asserted to have been departed from in the Circuit Court; and considering the entire record, we think it is affirmatively shown that the issue of, and return to the certiorari moved for, could not have affected the result of the trial. We hold, therefore, if there was any error in proceeding to trial in the Circuit Court, in the absence of such return as section 3655 of the Code requires the justice to make, it was error without injury.

Affirmed.