# Hardee *v.* Abraham.

## *Statutory Action of Detinue.*

1. *Appeal from judgment by justice of the peace; not necessary that the paper sent up by the justice should be certified.* Where an appeal is taken from a judgment of a justice of the peace to the circuit court, it is not necessary for the justice of the peace to certify anything; but all that is required by the statute, (Code, § 484), is that he must return all the original papers in the cause, together with the statement of the case and judgment rendered, signed by him.

2. *Same; when not necesary for new complaint to be filed; sufficiency of judgment by default.*—When on an appeal taken from a judgment of the justice of the peace, there is included in the original papers returned by the justice to the clerk of the court to which the appeal is taken, a perfectly good complaint, it is proper for the court to which the appeal is

[Hardee v. Abraham.]

taken to enter upon the trial on that complaint; or, the defendant not appearing, to render judgment by default on that complaint.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. O. KYLE.

This was a statutory action of ejectment brought by the appellee, Jacob Abraham, as trustee, against the appellant, John Hardee, to recover the possession of certain personal property described in the complaint. The action was commenced in a justice of the peace court. From a judgment in favor of the plaintiff in said court, the defendant appealed to the circuit court, and executed a regular appeal bond. The justice of the peace sent to the clerk of the circuit court copies of the papers issued by him which included the summons and complaint and the replevy bond given by the defendant. The complaint was in the regular statutory form of an action of detinue. The justice of the peace also sent to the clerk of the circuit court a statement of the case and a judgment rendered by him. This statement was signed by the justice of the peace. Neither the papers, nor the statement or transcript sent up by the justice of the peace to the clerk of the circuit court were certified by the justice of the peace. There was no complaint filed in the circuit court. On the case being called in the circuit court a judgment by default was rendered against the defendant; and upon a writ of inquiry the value of the property was ascertained and judgment rendered accordingly.

The defendant appeals, and assigns as error that the transcript sent to the circuit court of the justice of the peace was not certified and that no complaint was filed in the circuit court.

W. T. LOWE and JAMES JACKSON, for appellant, cited *Simmon v. Titche*, 102 Ala. 317; *Elmore v. Simon*, 67 Ala. 528; 1 Brick. Dig., 114,§ 74; *R. & D. R. R. Co. v. James*, 102 Ala. 212.

JAMES H. BRANCH, *contra,* cited *Heyman v. McBurney,* 66 Ala. 511; *So. Ex. Co. v. B. & P.*, 100 Ala. 275;

[Hardee v. Abraham.]

*Larcher v. Scott*, 2 Ala. 40; *Wolf v. Parham*, 18 Ala. 441; Code, § 484; *Arundale v. Moore*, 42 Ala. 482.

McCLELLAN, C. J.—Section 484 of the Code is as follows: "When an appeal is taken, the justice must return all the original papers in the cause, together with a statement, signed by him, of the case and the judgment rendered by him, to the clerk of the court to which the appeal was taken, within ten days after the taking of the appeal." The transcript filed here in this case contains copies of the papers in the cause before the justice of the peace, a copy of the statement of the case and the judgment rendered signed by the justice of the peace and a copy of the bond given on appeal to the circuit court; and the clerk of the circuit court certifies to this court in substance and effect that all these papers, thus copied, are and were in the circuit court. This was a full compliance with the statute set out above. It was not necessary for the justice of peace to *certify* anything. The record before us shows that he returned the original papers to the court together with the statement signed by him, which the statute required, and this was quite sufficient. Indeed, the appeal bond showing the parties below and reciting the judgment there rendered was itself sufficient to give the circuit court jurisdiction and to enable it to proceed with the cause.—*Larcher v. Scott*, 2 Ala. 40; *McAlpin v. Pool*, Minor, 316; *S. & N. R. R. Co. v. Pilgreen*, 62 Ala. 305.

Among the original papers sent to the clerk by the justice of the peace was a perfectly good complaint, and it was entirely proper for a trial to be had in the circuit court on that complaint, or, the defendant not appearing, for a judgment by default to be rendered on that complaint.—*Littleton v. Clayton*, 77 Ala. 571.

Affirmed.