(113 So. 587)

### UNION MUT. INS. CO. v. ROBINSON.
### (6 Div. 877.)

Supreme Court of Alabama. June 30, 1927.

1. **Justices of the peace** ☞159(10)—**Justice cannot approve appeal bond after lapse of five days, and circuit court will dismiss appeal if he does (Code 1923, §§ 8777–8781).**

On appeal from judgment of justice of the peace, justice cannot approve appeal bond tendered after lapse of five days after rendition of judgment, and, if he does, circuit court will dismiss appeal on motion, in view of Code, 1923, §§ 8777–8781.

2. **Justices of the peace** ☞157(1)—**In sending up papers on appeal from justice of peace, no certificate by justice is required; signature to statement being sufficient.**

In sending up papers on appeal from judgment of justice of the peace, no certificate by justice is required, but merely his signature to his statement.

3. **Justices of the peace** ☞171(1)—**On appeal from justice of peace, circuit court must try case de novo, though only paper sent up is appeal bond reciting judgment.**

Where no paper is sent up, except appeal bond on appeal from judgment of justice of the peace, recital of judgment therein is sufficient evidence of its existence, and circuit court must try case de novo.

4. **Courts** ☞190(4)—**Appeal from municipal court of Birmingham should be dismissed, where record showed appeal bond not filed in time, only remedy being correction of record, if entry was mistake (Loc. Acts 1915, pp. 234, 237, §§ 7, 23).**

Where record on appeal from municipal court of Birmingham, created by Loc. Acts 1915, p. 231, showed that appeal bond was not filed within time required by law in case of justices' courts, appeal should be dismissed, in view of sections 7 and 23, notwithstanding clerk's recital in notice of appeal that law had been complied with, since presumption of regularity of official act cannot substitute for proof of definite fact, and only remedy was proceeding in municipal court to correct error if date entered was mistake.

5. **Appeal and error** ☞662(1)—**Record on appeal is sole, conclusive, and unimpeachable evidence of proceedings below.**

Record filed for purpose of appeal is sole, conclusive, and unimpeachable evidence of proceeding in lower court.

6. **Courts** ☞190(6)—**Absence of certificate by clerk of municipal court of Birmingham in sending up papers on appeal held not to affect verity of record (Loc. Acts 1915, p. 234, § 7).**

Failure of clerk of municipal court of Birmingham in sending up record on appeal under Loc. Acts 1915, p. 234, § 7, to make certificate, does not affect verity of record, where it appears that papers in question were sent up by him from his court.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action by Charles Robinson against the Union Mutual Insurance Company. From a judgment for plaintiff in the municipal court, defendant appealed to the circuit court. From a judgment of the circuit court dismissing the appeal, defendant prosecutes this appeal. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

W. A. Jacobs, of Birmingham, for appellant.

The same law applying to appeals from justices of the peace applies to appeal from the municipal court of Birmingham. Local Acts 1915, 231 et seq. When the clerk of the municipal court issues and causes to be served a notice in accordance with the statute that an appeal has been taken, the presumption is that an appeal has been taken within the time allowed by law. 29 Cyc. 1437; 16 Cyc. 1076–1080; Gunn v. Howell, 35 Ala. 144, 73 Am. Dec. 484. A paper purporting to be a transcript of the docket of a case in municipal court, not certified or signed by any one, but sent with original papers in said case by the clerk of the municipal court to the circuit court on appeal, does not import absolute verity; and outside evidence may be introduced to show when said appeal was taken. Burke v. Davis, 10 Ala. App. 363, 65 So. 306; Hardee v. Abraham, 133 Ala. 341, 32 So. 595; Larcher v. Scott, 2 Ala. 40; 35 C. J. 715; 3 C. J. 803.

Albert A. Rosenthal, of Birmingham, for appellee.

The proceedings had before a justice of the peace and judgment rendered by him cannot

be proved otherwise than by production of his official papers or sworn copy thereof. Watson v. State, 63 Ala. 19; Burns v. Campbell, 71 Ala. 294; Sandlin v. Anderson, 76 Ala. 405; Harper v. State, 109 Ala. 33, 19 So. 857. Appeals from justice court must be taken within five days. Code 1923, § 8777. The record must show unmistakably that the appeal was taken within the time fixed by law, or the appellate court is without jurisdiction. 4 C. J. 41; Code 1923, §§ 8722, 8778; Spencer v. Thompson, 24 Ala. 512; Ala. & Miss. Rivers R. Co. v. Hungerford, 41 Ala. 388. The record of the court imports absolute verity, and resort cannot be had to anything dehors the record for purpose of contradicting it. 2 R. C. L. 153, 155; 35 C. J. 716; 4 C. J. 512. If incomplete or incorrect, amendment or correction must be sought by appropriate proceedings rather than by impeachment in appellate court. Prinz v. Weber, 126 Ala. 146, 28 So. 10; 4 C. J. 512.

SOMERVILLE, J. [1] Section 8780 of the Code provides that:

"When an appeal is taken [from the judgment of a justice of the peace], the justice must return all the original papers of the cause, together with a statement, signed by him, of the case and the judgment rendered by him, to the clerk of the court to which the appeal was taken, within ten days after the taking of the appeal."

The appeal must be taken within five days after rendition of the judgment (section 8777) by filing the prescribed bond (sections 8778, 8779) and the justice must forthwith issue, and have served upon the other party, a notice of the appeal. Code, § 8781. The justice cannot approve an appeal bond tendered after the lapse of five days, and, when it appears that such is the case, the circuit court will dismiss the appeal on motion. Frolichstein v. Jordan, 138 Ala. 310, 35 So. 247.

[2, 3] In sending up the papers on appeal, no certificate by the justice is required, but merely his signature to his statement. Hardee v. Abraham, 133 Ala. 341, 32 So. 595. And, if no paper is sent up except the appeal bond, the recital of the judgment therein is sufficient evidence of its existence, and the circuit court must proceed to try the case de novo. Larcher v. Scott, 2 Ala. 40; Oklahoma, etc., Co. v. Kaupp, 136 Ala. 629, 33 So. 868.

[4] Section 23 of the act creating the municipal Court of Birmingham in lieu of justices' courts (Local Acts 1915, p. 237) provides that:

"In civil causes the law relating to appeal and certiorari of causes from courts of justices of the peace shall apply to appeal and certiorari from this court."

As provided by the act (section 7), the ministerial functions of the court, including the approval of bonds and the certifying of appeals, are to be performed by the clerk of the court.

The record before us shows the summons and complaint in the municipal court; the appeal bond, in the prescribed form; the notice of appeal, and the constable's return thereon; and what purports to be a "transcript of docket No. 50522, municipal court of Birmingham, third division, Jefferson county." This transcript is in the usual form, showing the names of the parties and the cause of action, and a chronology of the case with entries as follows:

"10—30—24.   Judgment for plaintiff and against defendant for $90, etc., 11—30—24. Stay execution—appealed.  12—1—24.  Appeal bond filed.  Jan. 19—26.  Notice of appeal issued."

No certificate, nor any statement by the clerk of the municipal court is attached to this transcript.

The appeal bond is dated "this——day of October, 1924," and bears the indorsement, "Taken and approved this 1st day of December, 1924.   L. W. Brown, Clerk Municipal Court 3rd Division."

The case appears to have remained dormant in the circuit court until the plaintiff, on October 15, 1926, filed his motion to dismiss the appeal on the grounds that it affirmatively appeared that the appeal was not perfected within the time required by law, and that the appeal bond was not filed within the time required by law.

A hearing was held on this motion, and, as the bill of exceptions shows, the plaintiff introduced in evidence "the following paper sent to the circuit court by the clerk of the inferior court which purports to be the transcript of the docket of the municipal court of Birmingham, Third division, relating to said case"; the paper being same paper already described above. Plaintiff also offered in evidence the appeal bond referred to.

The defendant introduced in evidence the clerk's notice to the plaintiff that defendant "has prayed an appeal, * * * and, having complied with the requirements of the law in such case, the same has been granted to the next term of the circuit court," etc. Defendant also offered an affidavit by its superintendent, and another by the clerk of the municipal court, showing the appeal bond was actually delivered to the clerk and approved by him on November 1, 1924, or within five days after the judgment; the indorsement of "December 1" having been made many months afterwards, and being a mistake.

The trial court, on plaintiff's motion, rejected the affidavits, and granted the motion to dismiss the appeal.

[5] "The record filed for the purpose of appeal imports absolute verity. It is the sole, conclusive, and unimpeachable evidence of the proceedings in the lower court. If incomplete or incorrect, amendment or correction must be sought by appropriate proceedings rather than by impeachment on the hearing in the appellate court. Accordingly, the rec-

ord cannot be impeached, changed, altered, or varied on appeal by an ex parte and unauthorized certificate of the trial judge or of the clerk, nor by statements in the briefs of counsel, nor by affidavits or other evidence or matters dehors the record." 4 Corp. Jur. 512, 513, § 2287; Chapman v. Holding, 54 Ala. 61; Prinz v. Weber, 126 Ala. 146, 28 So. 10.

[6] This rule is based on the soundest policy. If it were otherwise, appellate courts would be kept busy with hearing and settling such controversies, and confusion and uncertainty would always prevail. We do not think the rule is any the less applicable because of the absence of a certificate by the clerk of the municipal court. If it appears, as it does here, that the papers in question were sent up by him from his court, that is enough, so far as the question of verity is concerned.

Appellant conceives that the clerk's recital in the notice of appeal that the defendant "had complied with the requirements of the law in such case," coupled with the presumption that a public officer would not disobey the law by receiving and approving a bond contrary to its provisions, is sufficient to overcome the appearance of irregularity by reason of the dates shown by the transcript and the bond; or, at least, to raise such a conflict in the record as to permit the use of extrinsic or parol evidence to determine the truth of the matter.

But a general recital, which is no more than a conclusion, can never be allowed to overcome a specific recital of facts, which are inconsistent with that conclusion. And "the presumption of regularity of an official act cannot be used as a substitute for proof of a definite and material fact, nor as a basis for presuming irregularity in another act by the same or a different officer." 16 Cyc. 1078.

The case here exhibits a serious hardship on the defendant, but the remedy—the only remedy—was by a proceeding in the municipal court for the correction of the error in the date recorded as the date of the filing of the appeal bond.

For the reasons stated, the judgment of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.