147 So. 195

**NASHVILLE, C. & ST. L. RY. CO. v. TOWN OF BOAZ et al.**

**8 Div. 439.**

Supreme Court of Alabama.

March 16, 1933.

Rehearing Denied April 13, 1933.

Street, Bradford & Street, of Guntersville, for appellant.

H. G. Bailey, of Boaz, for appellees.

BROWN, Justice.

This appeal is from a judgment of the circuit court affirming the validity of the proceedings had by the mayor and aldermen of the town of Boaz, levying an assessment to the extent of the increased value of certain lots and parcels of land owned by the appellant in said town, for the cost of certain local improvements in the paving of Mill street in said town.

The jurisdiction of the court to examine the proceedings was invoked by the petition of the appellant for the issuance of the writ of certiorari as at common law, asserting that said proceedings are void.

■ The proceedings of the town council are in rem, and the scope of the inquiry goes only to their external validity—the jurisdiction of the municipal board of the subject-matter and of the res. If it appears from the face of the return—the transcript of the proceedings as certified by the town clerk—that the board had jurisdiction of the subject-matter and of the res, the judgment affirming their validity was correct and will be affirmed. Mere irregularities not affecting the board's jurisdiction, correctable by objections made as provided by the statutes and appeal from adverse ruling by the board (Code 1923, §§ 2196, 2204 [as amended by Gen. Acts 1927, pp. 765, 767]), will not be noticed on this attack. Pierce v. City of Huntsville, 185 Ala. 490, 64 So. 301; Nashville, C. & St. L. Ry. v. Town of Boaz, 213 Ala. 667, 106 So. 192; Ex parte Slaughter, State Fire Marshal, 217 Ala. 515, 116 So. 684.

On the trial in the circuit court the petitioner made a motion to strike from the return the following matters:

"A. The certificate of J. B. Barrett, Clerk, appended to grade ordinance No. 2.

"B. The memorandum placed in pen on 'grade ordinance No. 2' as the same is attached to minutes of the Council of March 21, 1929.

"C. The certificate of J. B. Barrett, Clerk, relating to Improvement Ordinance No. 3, appended at the foot of the minutes of the meeting of the Town Council of March 21, 1929. * * *

"D. The certificate of J. B. Barrett, appended at the foot of Improvement Ordinance 3, relating to the mailing of copies, etc. * * *

"E. The memorandum written on the margin of the alleged 'Notice to Property Owners' as follows: 'Notice from Boaz Leader published Oct. 10th, 1929.' * * *

"F. The 'Notice to Property Owners' appended at the foot of the minutes of the meeting of the Council of October 31, 1929, etc. * * *

"G. The paper headed, 'Profile #68, N. C. & St. L. *Railroad* Co.'" (Italics supplied.)

"H. Sheets marked 13, 14 and 15, each separately, purporting to be notice of something made final on Oct. 31, 1929."

■■ The remedy by common-law certiorari only extends to courts or boards required by law to keep a record or quasi record of their proceedings, and the only proper return to the writ is such record or a transcript thereof duly authenticated by the legal custodian, as it exists at the time of the issuance of the writ. Commissioners' Court of Lowndes County v. Hearne, 59 Ala. 371; Town of Camden v. Bloch, 65 Ala. 236; City of Decatur v. Brock, 170 Ala. 149, 54 So. 209; 11 C. J. 175, §§ 265–270.

■■ The custodian of the record has no authority to incorporate in the return, matters not appearing on the face of the record, and the court or board whose record is brought under review has no authority to amend or supplement the record after the issuance and service of the writ, without permission of the court issuing the writ. Commissioners' Court of Lowndes County v. Hearne, supra; Town of Camden v. Bloch, supra; Cook et al. v. Court Commissioners of Walker County, 178 Ala. 394, 59 So. 483; 11 C. J. p. 180, §§ 278–280.

■ In some jurisdictions a motion to strike is recognized as the proper method of ridding the return of improper or immaterial matters, but the practice approved by our decisions is for the court to disregard such matters. Cook et al. v. Court Commissioners of Walker County, supra; Commissioners' Court of Lowndes County v. Hearne, supra.

■■ The elements of notice prescribed by sections 2177 and 2178 of the Code (as amended by Gen. Acts 1927, pp. 758, 759), are not jurisdictional, but merely preliminary and administrative, related to the policy of entering upon such enterprise, a matter in respect to which the statute invests the municipal board with final, irrevocable discretion.

While compliance with the prescription of the statute in respect to notice of these preliminary steps is essential to the regularity and intrinsic validity of the proceedings on direct attack by objection made by the property owner to the municipal board at the final meeting set for hearing each individual property owner, they are matters that may be waived and are waived in the absence of such objection. City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746; City of Mobile v. Smith, 223 Ala. 480, 136 So. 851.

Since the decision in Wills' Case, the Legislature has amended section 2178 of the

Code, and as amended it provides that: "The failure of any official charged with the duty of sending such notice, or the failure of any owner of property to receive such notice, if sent by Registered mail as hereinabove provided, shall not invalidate or in any wise affect any assessment made under the provisions of this Code." Gen. Acts 1927, p. 759, § 7.

Section 1993, cited by appellant, is not applicable to local improvement ordinances authorized by section 2174 et seq. of the Code (as amended by Gen. Acts 1927, p. 754 et seq.). Pierce v. City of Huntsville, 185 Ala. 490, 64 So. 301.

Therefore, the matters indicated in the motion to strike by letters A, B, C, D, E, F, G, and H, are not essential to the jurisdiction of the municipal board and the external validity of the proceedings, and will be disregarded as immaterial on the attack by the common-law writ of certiorari.

Jurisdiction of the subject-matter—providing for and making the local improvement—is conferred on the municipal board by the statute. Code 1923, section 2174; City of Birmingham v. Wills, supra.

Jurisdiction of the res must be acquired by the proceedings, and the steps essential to this element of jurisdiction which must appear on the face of the record of the proceedings of the municipal board are: (1) The adoption of an ordinance providing for the improvement, in substantial compliance with section 2176 of the Code of 1923 (as amended by Gen. Acts 1927, p. 756), and section 223 of the Constitution, limiting the assessment against the abutting property to special benefits to the property resulting from the improvement. City of Decatur v. Brock, 170 Ala. 149, 54 So. 209. (2) The minutes of the board should evidence the fact of the preparation of a "Roll or list of owners; lots or parcels of property assessed against" (the roll itself need not appear in the minutes), as required by sections 2190, 2191 of the Code (as amended by Gen. Acts 1927, p. 764), and the delivery thereof to the city clerk at least twenty days before the final meeting fixed by the board for hearing the objections of the individual property owners to the assessments made against their respective properties (sections 2190, 2191, 2192, Code); and (3) that notice was given by the clerk by publication in a newspaper of general circulation published in said municipality, that said assessment roll or list has been delivered to him, and is open for inspection in the office of the person authorized to make collection of said assessments. Section 2192, Code of 1923 (as amended by Gen. Acts 1927, p. 764). This much is necessary to show due process in compliance with constitutional requirements. City of Birmingham v. Wills, supra; Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210; City of Jasper v. Sanders, ante, p. 84, 145 So. 827.

We do not hold that the published notice itself must be set out in the record of the proceedings of the municipal board, but it is the duty of the board to ascertain that these essential steps have been taken, and a recital thereof in the proceedings must appear. Pierce v. City of Huntsville, supra.

And it may not be out of place to here observe that the record of the proceedings contemplated by the law is not a mere scrap book in which newspaper clippings are pasted, but a record of permanent character not susceptible of easy spoliation or destruction, such as is kept of the proceedings in courts of law and equity.

The external regularity of the proceedings, relating to the adoption of the ordinance fixing the grade of Mill street, and the ordinance providing for the improvement, sufficiently appears from the return made in response to the writ of certiorari; but we are clear to the conclusion that the minutes of the board in respect to the meetings held on October 8, 1929, and October 31, 1929, are lacking in necessary recitals, as to the making and filing of the roll of assessments and the notice thereof, and that the circuit court erred in affirming the assessment against the appellant's property.

But inasmuch as the proceedings are not void in their entirety, and the defects may be remedied by proceedings by the municipal board, as outlined in Pierce v. City of Huntsville, 185 Ala. 490, 64 So. 301, in which the right of objection and appeal will be preserved to the property owners, we will not enter judgment here quashing the proceedings, but reverse the judgment of the circuit court, and remand the case to be disposed of in the circuit court as right and justice may require.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.