147 So. 140

## J. E. PATERSON LUMBER CO. v. INGERSOLL.

### I Div. 766.

Supreme Court of Alabama.

March 23, 1933.

Armbrecht, Hand & Twitty, of Mobile, for appellant.

Gordon, Edington & Leigh, of Mobile, for appellee.

BOULDIN, Justice.

On appeal to the circuit court from a judgment against a garnishee rendered by a justice of the peace, and the giving of a proper appeal bond within the time required by law [Code, § 8777 (as amended by Gen. Acts 1927, p. 82) and sections 8778, 8779], the failure of the justice to return to the circuit court the bond, or other papers with transcript, within ten days as required by Code, § 8780, does not deprive the circuit court of jurisdiction of the cause for trial de novo; nor to require a dismissal of the appeal on motion after the transcript and bond have been returned, although filed after some ten months' delay, not shown to have been due to the fault of the party taking the appeal. Larcher v. Scott, 2 Ala. 40; Martin v. Higgins, 23 Ala. 775; South & North Alabama Railroad Co. v. Pilgreen, 62 Ala. 305; Hardee v. Abraham, 133 Ala. 341, 32 So. 595; Oklahoma Vinegar Co. v. Kaupp, 136 Ala. 630, 33 So. 868; Union Mut. Ins. Co. v. Robinson, 216 Ala. 527, 113 So. 587.

Appellant relies upon Canty v. Sims, 21 Ala. App. 469, 109 So. 373, as authority for the position that a return by the justice within the ten days prescribed by statute is jurisdictional.

While the original opinion in that case may be subject to such construction, we think the opinion on rehearing discloses the final decision was based on a want of jurisdiction

in the justice court; and therefore nothing to appeal from to the circuit court.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.