159 So. 689

**JONES et al. v. CITY OF DOTHAN et al.**

4 Div. 783.

Supreme Court of Alabama.

Feb. 28, 1935.

·104

T. E. Buntin, of Dothan, for appellants.

O. S. Lewis, of Dothan, for appellee City of Dothan.

BOULDIN, Justice.

The appeal is from a decree sustaining a demurrer to a bill—for want of equity.

In one alternative, the bill seeks to cancel and annul a local assessment made by a municipality against abutting property for street improvements. The assessment is challenged as illegal and void, and a cloud on complainants' title.

The bill and exhibits show the proceedings of the city council were in all respects regular. Improvement ordinances, construction of the improvement, an assessment roll duly made, a day set for hearing objections, and all notices required by law, and a final assessment ordinance or resolution, all in due form, fully appear.

■ The bill challenges a clause in the original ordinance, reading: "Be it resolved That the costs of the above improvement shall be assessed against the abutting property by reason of the special benefits derived by the making of said improvement." It is alleged this is insufficient in law, in that it purposes to assess the full cost of the improvement against abutting property, whether the special benefits equal such cost or not, and does not limit the assessment on each parcel to the special benefits to such parcel.

The same ordinance further enacts: "* * * Provided further that no assessment shall exceed the cost of such improvement including attorney's fees, engineering, printing and all incidentals, or the increased value of such abutting property by reason of special benefits derived from the improvement."

The ordinance fully conforms to the statute, and we need not consider what defects in the improvement ordinances would render the assessment void.

■ The chief attack on the legality of the assessment is based on allegations that, as matter of fact, the assessment was made on a uniform footage basis the full length of the improvement, without regard to the special benefits to each parcel so assessed. In the final ordinance or resolution confirming the assessments, it is recited: "The City Council proceeds to ascertain that the respective property against which the assessment has been made, as shown by the assessment roll on file in the Office of the City Clerk has been increased in value in an amount greater than the respective assessment on the above named streets." This, in connection with the judgment roll, not questioned, is a judicial finding that the assessment against each parcel does not exceed the special benefits thereto.

■ This is the real test. Each parcel is to be considered as a unit in making the assessment. If the assessment does not exceed the cost of the improvement, nor the value of the special benefits to such abutting lot or parcel by reason of the improvement, it is not of consequence that other properties may have received greater benefits.

■ It is not lawful to assess all abutting properties on a footage basis, if thereby one lot is assessed an amount in excess of the cost of the improvement on which it abuts, or in excess of the special benefits derived from the improvement.

■ These questions, under our statutes, are to be determined by the city council, the property owner having notice, an opportunity to file objections, and be heard thereon, with a right to appeal. If the owner fail to avail himself of this remedy, our statute declares he shall be "held to have consented to the same." Code, § 2196.

In such event, as we have frequently held, the owner is without a remedy in equity, essentially an attack on the verity of records and proceedings judicial in character. Armstrong, City Comptroller, et al. v. Williamson & Wilson et al., 220 Ala. 415, 125 So. 681; Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210; City of Jasper v. Sanders, 226 Ala. 84, 145 So. 827; Florence Gin Co. v. City of Florence et al., 226 Ala. 478, 147 So. 417.

Appellants rely on City of Jasper v. Sanders, supra. That case, following Jasper Land Co. v. City of Jasper, supra, is based on a lack of jurisdiction for want of notice, an

opportunity to be heard; absence of due process of law.

The discussion in that case touching assessment on a basis of lineal footage, and a cloud on the title, went to the question of injury, a good defense, cut-off by want of notice, one of the essentials to a bill in equity to vacate judgments at law.

The bill, in the alternative, seeks to have an apportionment of the assessment so that complainants can pay off such portion as should be borne by the fraction now owned by complainants, and have same freed of the residue.

The assessment was made on a lot or parcel 400 by 400 feet, then one undivided parcel under one ownership. Thereafter complainants acquired (through mortgage taken while the assessment was in force, and foreclosure of such mortgage) the ownership of a lot 200 by 200 feet, a fractional part of the original lot.

It is sought to have a court of equity divide, and apportion the assessment, part to complainants' lot, and part to the other portion of the original lot, as shall appear just and equitable; that on payment of the sum apportioned to complainants' lot, it be freed of the lien or incumbrance thereon.

We have no statute authorizing such apportionment, and none exists on principles of equity.

Any equity complainants may have, upon payment of the entire assessment, to be subrogated to the lien of the city and enforce contribution, is not presented by the bill. There is no equity in the bill in either aspect.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.