199 So. 838

**CITY OF BESSEMER v. RATLIFF.**

6 Div. 745.

Supreme Court of Alabama.

Jan. 16, 1941.

H. H. Sullinger, of Bessemer, for appellant.

Ross, Ross & Ross, of Bessemer, for appellee.

GARDNER, Chief Justice.

The bill as amended seeks to have removed as a cloud on title improvement assessment entered against the described property of complainant by the City of Bessemer under Ordinance No. 613 adopted in August, 1927, with final assessment of July 17, 1928.

The bill invokes the original jurisdiction of a court of equity to remove a cloud on title, complainant's possession of the property being alleged and no other remedy available. Alabama City, et al. v. Alabama Power Co., 213 Ala. 644, 106 So. 39; Shannon, et al. v. Long, 180 Ala. 128, 60 So. 273.

The bill discloses complainant's actual possession of the property when the ordinance was passed and the assessment made final and continuously since that time. The invalidity of the improvement ordinance was rested upon the averment that of its passage and the order of final assessment complainant had no notice or knowledge whatever, and that the publication of Ordinance No. 613 gave him no notice that his property was in any manner affected thereby as his property did not abut on Dartmouth Avenue, the ordinance upon its face purporting only to provide certain improvements on Dartmouth Avenue in the City of Bessemer.

Among other improvements contemplated by the ordinance was one of drainage and such was the assessment against complainant's property. No notice was given him by registered mail or otherwise and upon the face of the bill it would appear the newspaper publication of the ordinance concerning Dartmouth Avenue was insufficient with which to charge notice to him. True, it has been held that a failure to send a copy of the ordinance by registered mail will not invalidate the proceedings. First Nat. Bank v. Fountain Motor Co., 227 Ala. 133, 148 So. 817. But the averment in the bill in this regard is merely cumulative to the other allegations showing that complainant had no notice or knowledge in any manner, including the publication of the ordinance, that his property was in any manner concerned with the contemplated improvements. Such being the case, any final assessment against his property would be invalid. City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann.Cas.1915B, 746; City of Decatur v. Brock, 170 Ala. 149, 54 So. 209; First Nat. Bank v. Fountain Motor Co., supra; Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210.

Defendant insists the bill upon its face discloses complainant has been guilty of laches, citing Fowler v. Alabama Iron & Steel Co., 164 Ala. 414, 51 So. 393; Woodlawn Realty Co. v. Hawkins, et al., 186 Ala. 234, 65 So. 183; Mullen v. First Nat. Bank, 226 Ala. 305, 146 So. 802; Gayle, et al. v. Pennington, 185 Ala. 53, 64 So. 572. But the doctrine of laches is rested upon a lack of diligence and good faith. Oxford, et al. v. Estes, et al., 229 Ala. 606, 158 So. 534.

Complainant has all along been in peaceable possession of his property with

no adverse step being taken by the city and no effort to enforce any lien thereon. He had been under no duty or necessity of asserting any right or title to property owned and possessed by him with such ownership and possession remaining unchallenged. Under these circumstances, the mere lapse of time here disclosed does not suffice to bar complainant of the relief he seeks upon any doctrine of laches. Behan, et al. v. Friedman, et al., 218 Ala. 513, 119 So. 20.

■ Counsel for defendant insist also that complainant should be denied relief upon the theory of estoppel and authorities from other jurisdictions are called to our attention, most of which are to be found in the very exhaustive note to City of Bartlesville, et al. v. Holm, et al., 9 A.L.R. 627—all based upon the principle that if one is silent when he should speak, equity will debar him from speaking when conscience requires him to be silent. Ex parte City of Bessemer (City of Bessemer v. Goodwyn), ante, p. 52, 197 So. 20.

As noted in City of Birmingham v. Wills, supra, our own case of City of Woodlawn v. Durham, 162 Ala. 565, 50 So. 356, declared a like principle, and a resort to authorities elsewhere is unnecessary. And this is especially so when the conclusive provisions of Section 2196, Code 1923, are considered. But these authorities all presuppose a duty on the part of the property owner to speak, a knowledge on his part or notice to the effect that his property is being subjected to an assessment lien for the improvement. They are wholly inapplicable in the instant case. Here the bill discloses complainant had no knowledge, actual or constructive, that his property was to be affected by way of any improvement assessment until after the finality of the assessment and when it was too late to interpose any objection or make any protest.

■ The act of final assessment was judicial in character and as observed by the New Jersey court in Groel v. Newark, 78 N.J.L. 142, 73 A. 522, 523, 9 A.L.R. 783, it is "contrary to natural justice that a person should be bound by proceedings of a judicial character affecting his person or property without having an opportunity to be heard".

But we forego further discussion of that question, as it is plain enough from a consideration of this bill complainant is un-

affected either by any doctrine of laches or estoppel. As previously observed, complainant has invoked the equity jurisdiction to remove a cloud on his title, and the bill is in no sense one to quiet title under our statute. City of Birmingham v. Wills, supra. Argument upon an assumption to the contrary is without merit.

■ We conclude the bill as amended was not subject to the demurrer and that the trial court correctly so decreed.

It results that the decree will accordingly be here affirmed.

Affirmed.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.