18 So.2d 563

**RUDULPH v. CITY OF HOMEWOOD et al.**

6 Div. 163.

Supreme Court of Alabama.

May 18, 1944.

Further Rehearing Denied June 22, 1944.

Victor H. Smith, of Birmingham, for appellants.

649

Irvine C. Porter, of Birmingham, for appellees.

BROWN, Justice.

The original bill, filed by the appellants on January 11, 1930, against appellees Kane and the City of Homewood, sought the foreclosure of a mortgage executed January 12, 1917, by Kane to Skewes, to secure an indebtedness of $5,200, evidenced by notes, maturing in the year 1919, embracing the NE-¼ of the NW-¼, Section 24, Township 18, Range 3 West, Jefferson County, Alabama; to enjoin the sale by defendant City of Homewood of the property covered by the mortgage, and to cancel and vacate the assessment against said property made under local improvement ordinances Nos. 68 and 68-A.

The complainants asserted their right in said bill as the successor in title of said Skewes, standing in his shoes as mortgagee, the immediate title of complainants coming to them through the last will and testament of Z. T. Rudulph, deceased, to whom the mortgage and the indebtedness secured thereby were transferred and assigned by said Skewes.

Numerous amendments were made to the original bill and to the bill as thus amended demurrers were sustained. By leave of the court, complainants on January 6, 1941, filed a substituted bill, making exhibits thereto the improvement ordinances adopted by the City of Homewood through its City Council. Demurrers were filed to the substituted bill by the City of Homewood, and complainant again amended, the last amendment being filed July 1, 1942. Demurrers were refiled. The substituted bill

seeks a foreclosure of the mortgage; personal judgment against the mortgagor Kane for the balance due after foreclosure, and a solicitor's fee; reasonable compensation for the property taken by the city for street purposes and to quash, vacate and annul the assessments made by the City of Homewood against the property covered by the mortgage.

The court overruled the demurrer in so far as it sought foreclosure, personal judgment, compensation for property taken and the cancellation and vacation of assessment for sanitary sewerage improvements, and sustained the demurrer to the aspect of the bill seeking to vacate the assessment for street improvements. This decree was entered on April 24, 1943, and from that decree this appeal is prosecuted and was docketed here on the 1st of December, 1943, more than thirteen years after the filing of the original bill. See Jarndyce and Jarndyce, Dicken's Bleakhouse (Pickens) p. 10.

Mr. Rudulph in his lifetime released from the operation of the mortgage eighteen and a fraction acres of the forty which was subsequently platted by Lake Highlands Investment Company, Inc., as owner, the plat thereof being filed in the office of the Judge of Probate and recorded therein April 20, 1927. A map was also filed by the mortgagor Kane, or by his consent, platting the balance of said forty acre tract as "Lake Shore Estates," laying off said subdivision in lots, blocks, streets and avenues. Rudulph acquired the mortgage by transfer from Skewes on September 18, 1925.

Said ordinance 68 purports to authorize the paving of "Lucerne Boulevard from the western city line of Homewood to the eastern city limit line of Homewood" and "Rockaway Road from Lucerne Boulevard to the south curb line of Saulter Road," and provides that "west Rockaway Road throughout its entire length shall be graded." The ordinance provides that the strip of paving shall be 24 feet wide. Ordinance 68-A establishes the grades.

The case made by the substituted bill, the allegations of which are exceedingly verbose, and with the exhibits attached somewhat prolix, to state their substance, is that the complainants, who claim title through the last will and testament of Z. T. Rudulph, deceased, own an unforeclosed but duly recorded mortgage, and the indebtedness thereby secured executed by W. M. Kane to one Skewes, on the 12th of January, 1917, representing an indebtedness of $5200, which Skewes sold, assigned and conveyed to Rudulph, by written deed duly acknowledged and recorded. The mortgage embraced and conveyed to said Skewes, with conditions, as security for said indebtedness, the NE-¼ of the NW-¼, Section 24, Township 18, Range 3 West, in Jefferson County, Alabama. The mortgagor Kane before Rudulph acquired the mortgage had defaulted in · the payment of the mortgage debt.

At the time the mortgage was executed and at the time the defendant city adopted and promulgated said ordinances the property covered by the mortgage was farm and woodland, no part of which had been devoted to public use except a county road known as Saulter Road had been established along the northern boundary of said tract. Said ordinances made no provision for the improvement of said "Saulter Road." No such streets, avenues or public ways as "Lucerne Boulevard" or "Rockaway Road" had ever been laid out or established or recognized on said tract of land, and before and up to the time of the adoption of said ordinances the defendant city had never assumed or attempted to exercise jurisdiction over any part of the tract retained by Rudulph, except that proceedings were taken in the probate court to extend the corporate limits of Homewood so as to include said twenty-two and fraction acres.

A month after the adoption of said ordinances, May 14, 1929, the mortgagor Kane participated with others in filing a map or plat, designated as "Lake Shore Estates", purporting to define said "Lucerne Boulevard" and "Rockaway Road" touching said 22 acre tract, and the defendant proceeded to open, grade and pave said alleged thoroughfares and assess the costs thereof, $5389.31, against the property which was not released from the mortgage. The costs of the improvements so assessed, as alleged, equal or exceed the value of the property, and destroyed complainants' security.

All this was done without the knowledge or consent of Rudulph or complainants, and without notice that the defendant municipality would open or extend public thoroughfares through said mortgaged property.

The statute conferring jurisdiction on municipal boards to provide for public im-·

provements and betterments—the subject matter—in force when the ordinances in question were adopted, clearly limits the power to property within the corporate limits. Code 1940, Chap. 11, Art. 1, Tit. 37, §§ 512–574. This article is a codification of the public improvement statute, embodied in Act No. 639, approved September 10, 1927, defining the powers of municipal corporations in respect to the construction and maintenance of public improvements and betterments and the assessment of "the whole or any part of the costs thereof against the abutting property, or *property specially benefited* or *increased in value* by reason of such improvements." Acts Regular and Special Session 1926–1927, pp. 753–774.

This act original in form amends several sections of the Code of 1923, on this subject, repeals others and made some drastic changes in the law.

■ The first challenge made by the substituted bill is that the proceedings had under the provisions of §§ 1764–1768 of the Code 1923, Code 1940, Tit. 37, §§ 6, 134–137, were inefficacious to extend the corporate limits of Homewood so as to embrace the property of complainants because of "illegality" and fraud practiced on the Judge of Probate.

Counsel for appellants stated in argument on submission here that this challenge was not insisted upon, nevertheless the allegations of the bill constituting this challenge were not stricken by amendment before or at the time of the submission to the trial court on demurrer, and are still a part of the bill. These allegations are general in effect, and wholly insufficient to show that the proceedings before the probate judge looking to an extension of the corporate limits of Homewood were void, and the attack is collateral. The 39th ground of demurrer addressed to the aspect of the bill to which demurrer was sustained clearly takes the point and in consequence is sufficient to uphold the decree sustaining the demurrer. Dudley v. Whatley, ante, p. 202, 16 So.2d 192.

The substituted bill makes the further attack that said ordinances ex facie show that the board did not acquire jurisdiction over the res—the property of the complainant. That said ordinances do not provide for the opening and construction of new and unestablished thoroughfares, and there is an absence of factual data in said ordinances and their publication to indicate

and give notice to property owners that the municipality contemplated the opening of such new thoroughfares over unplatted property.

Said ordinance 68, made Exhibit C to the substituted bill is entitled, "Improvement Ordinance No. 68. An Ordinance to provide for certain improvements on Lake Shore Drive, Fair Harbor Road, Lucerne Boulevard, Riviera Road, Windhaven Road, Shadesview Terrace and Rockaway Road." At the time this ordinance was adopted, and not until the day the assessments were made final, was there any map or plat on file or on record showing any such thoroughfares touching the complainants' property.

Prior to the passage of the Acts of 1927 amending § 2176 of the Code 1923, no authority was conferred on cities and towns to open and construct new streets on new territory over undedicated rights of way. That section before the amendment provided: "When the council of any city or town shall determine to construct or improve any street, alley, avenue, sidewalk, highway, or other public place, or to make any other improvement or undertake any work authorized, the cost of which, or any part thereof it is proposed to assess against the property *abutting* on or drained by said improvement, it shall adopt an ordinance or resolution to that effect, *describing the nature and extent of the work*, the general character of the materials to be used and the location and terminal points thereof, and the *streets*, avenues, alleys, or other highways, * * *." [Italics supplied.] The ordinance dealt with in City of Bessemer v. Ratliff, 240 Ala. 406, 199 So. 838, was passed before the amendment of that section of the code by the Acts of 1927, supra.

The amendment added to the powers conferred,—power "to *open, widen, extend*," and authorized the costs of the improvements to be assessed against not only property *abutting* on, but property "*served, illuminated, drained, elevated, reclaimed, protected*, or *otherwise specially benefited or increased in value by said improvements*, * * *." and other drastic provisions. See Mitchie's Code 1928, § 2176 Code 1940, Tit. 37, § 515.

There is no suggestion in said ordinance 68 or the companion ordinance 68-A that the municipality contemplated opening said thoroughfare over unmarked rights of way across private property, no part

of which has ever been subject to public use, nor does the statute contemplate the municipality may proceed as a trespasser and take and appropriate private property for public use, without due process of law.

The statute, now § 574 of the Code of 1940, Tit. 37, a part of the same system of law providing for public improvements, dealt with in said Act of 1927, provides: "Such council may acquire by purchase or *condemnation* the necessary lands, or rights or easements, or interests therein, thereunder, and thereover, and may proceed to condemn the same in the manner provided in this article or by the general laws * * *." [Italics supplied.] Acts 1926–27, p. 773.

Appellee, however, insists that complainants and their ancestor are estopped by the provisions of § 2196 of the Code of 1923, Acts 1927, p. 765, Code 1940, Tit. 37, § 535, or as statute provides, "shall be held to have consented to the same," because they failed to file written objection to the assessment.

█ While this section of the code confers the right to file objections on all persons claiming *"any interest"* in the property, as well as the listed owner—and this covers a mortgagee or the assignee of a mortgage—it requires notice and an opportunity to be heard,—due process of law. A published notice of an ordinance in which there is an absence of factual data sufficient at least to excite inquiry by such claimant that his property rights are involved, is wholly insufficient to meet the requirements of due process of law. Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210; City of Bessemer v. Ratliff, 240 Ala. 406, 199 So. 838; Nashville, C. & St. L. R. Co. v. Town of Boaz, 226 Ala. 441, 147 So. 195; City of Jasper v. Sanders, 226 Ala. 84, 145 So. 827; Byars v. Town of Boaz et al., 229 Ala. 22, 155 So. 383; Jones et al. v. City of Dothan et al., 230 Ala. 103, 159 So. 689.

█ Kane the mortgagor had continued in default from and before the date Rudulph acquired the mortgage. This default, under settled law, discharged the mortgage of its conditions and Rudulph for all intents and purposes was the record owner of the property covered by the mortgage, leaving in the mortgagor a mere equity of redemption. Thompson & Co. v. Union Warehouse Co., 110 Ala. 499, 18 So. 105; Hughes & Tidwell Supply Co. v. Carr et al., 203 Ala. 469, 83 So. 472; Abbott v. Faulk, 231 Ala. 196, 164 So. 96.

█ On more mature consideration, we are of opinion, taking the averments of the bill as true as must be done on demurrer, that due process of law was not observed in the taking and appropriation of the rights-of-way for said new streets and thoroughfares designated in said ordinance, and the result of the taking and improvement thereof for public use with the large assessments made therefor, materially affected, if not entirely destroyed, complainants' security afforded by the mortgage, if the complainants' are to be held as estopped or to have consented to such improvement. Therefore, we hold that complainants are not estopped by said assessments under the statute, because of want of due process, and in ascertaining the benefits to said property from said improvements, said assessments are to be disregarded. The defendant corporation in the circumstances should be required to make full compensation without regard to the amount of said assessments,—the amount of the just compensation to be ascertained by the court in connection with the benefits to the property resulting from said improvements, and the complainants should be allowed to discharge the amount of such benefit so ascertained.

The former opinion is withdrawn and the foregoing substituted therefor. The judgment of the circuit court is affirmed and the application for rehearing overruled.

All the Justices concur.

### On Further Rehearing

The application for rehearing is without merit and is overruled.

The decree of affirmance is modified and the decree of the Circuit Court, in so far as it dismisses the bill, is vacated so the Circuit Court may be free to deal with the rights of the parties on the principles which we have stated in the opinion.

Let the appellee, City of Homewood, pay the costs of appeal.

Application overruled.

Decree of Affirmance modified.

All Justices concur, except SIMPSON, J., not sitting.