20 So.2d 98

**Ex parte FINLEY et al.**

**6 Div. 272.**

Supreme Court of Alabama.

Dec. 14, 1944.

Geo. D. Finley, of Tarrant City, for petitioners.

Graham, Bibb & Wingo, of Birmingham, for respondent.

SIMPSON, Justice.

Mandamus to review an order of the trial court declining to require answer to certain interrogatories propounded by petitioners (complainants) to the City of Tarrant (respondent), in a proceeding in equity at issue on bill and answer. Facts to be elicited by the interrogatories related to the costs and charges entering into certain municipal improvement assessments levied against the lots of appellants by respondent city. Certain of the interrogatories also sought to inquire into the motives of the city officials in adopting the improvement ordinance.

■ Only those interrogatories germane to the equities as disclosed by the bill are required to be answered. Altman v. Barrett, 234 Ala. 234, 237, 174 So. 293.

A summary of the pertinent phases of the bill is: Mrs. Finley, appellants' mother (now deceased and from whom appellants inherited the property), deeded a certain strip of land to said city for use as a street, in consideration for which the city agreed to relocate certain fences on her adjacent property, build a retaining wall to protect the lots where the street was to be constructed and grade the property adjoining the deeded strip. Thereafter the municipality did improve the street, but contrary to its agreement, charged the grading and other unlawful expenses against the property. Appellants' mother duly protested the assessments, filed her contest and appeal bonds and completed her appeal to the circuit court as provided by law. The municipality disregarded these appeals, failed to send up the records to the circuit court, as was its duty, and some considerable time thereafter proceeded to advertise the property for sale in satisfaction of the improvement liens. The bill as last amended sought (alternatively) (1) to enjoin the sales and to have declared a discontinuance of the assessment cases because of the failure of the municipality to comply with its duty and send up the record of appeals to the circuit court for trial; (2) a mandatory injunction directing the city to send up the record of the appeals to the circuit court for trial as the law directs; (3) a cancellation of the assessments because of excessive charges imposed with the knowledge and the purpose so to do by the city officials, under a conspiracy to "tax Mrs. Finley out of her property"; and (4) a cancellation of the deed from Mrs. Finley to the city for failure of consideration.

220

■ The phase of the bill, and only that, seeking injunctive relief against the foreclosure of the property by the city under the assessment liens pending trial of the appeals from the final assessments presents a case for equitable cognizance. Injunctive relief will be accorded pending an action at law to preserve the status quo of the property until a final settlement of the rights involved (32 C.J. 124, § 162), to prevent irreparable injury. 32 C.J. 127, § 169; 32 C.J. 128, § 170; Driver v. New, 175 Ala. 655, 57 So. 437; Mobile & Birmingham R. Co. v. Louisville & N. R. Co., 190 Ala. 417, 67 So. 244.

■ Nevertheless, this according of equitable protection to the property pending such litigation is merely to preserve the property until the rights are settled at law and the equity court does not undertake to supplant the action at law or to settle such rights. 32 C.J. 124, § 162.

■ A prevailing exception to this last stated principle, that equity will not interfere to determine the rights of the litigants at law, is where there is a purely equitable defense unavailable at law precluding the law court from accomplishing complete and efficient justice. Boone v. Byrd, 201 Ala. 562, 78 So. 958. The case here presented, however, is without this exception. The matters prayed for are either irremediable in any court or will be fully available as defenses when the appealed cases are tried in the circuit court.

■ The only relevancy of the unanswered interrogatories pertain to that phase of the bill which seeks to declare the ordinance invalid and to vacate the assessments because of alleged improper conduct of the city officials. The general rule, and controlling here, is that the courts will not institute an inquiry into the motives of the legislative department in determining the validity of ordinances enacted by them for local improvements. Cramton v. City of Montgomery, 171 Ala. 478, 482, 55 So. 122; 32 A.L.R. 1524; 37 Am.Jur. p. 821, § 182. This is because, in making such law, the municipal council is exercising a legislative function and its authorized legislative acts are not subject to impeachment because of bad faith or improper motives. Cramton case, supra; Albes v. Southern Ry. Co., 164 Ala. 356, 365, 51 So. 327; Clements v. Commission of City of Birmingham, 215 Ala. 59, 61, 109 So. 158; Talladega v. Jackson-Tinney Lumber Co., 209 Ala. 106, 110, 95 So. 455.

■ The rule is different when the city acts in an administrative or proprietary capacity, in which case its acts may be open to inquiry or impeachment for bad faith, fraud or improper motives. Pilcher v. City of Dothan, 207 Ala. 421, 93 So. 16; Van Antwerp v. Board of Com'rs of City of Mobile, 217 Ala. 201, 206, 115 So. 239. This latter principle would be applicable to the present case if, in the execution and accomplishment of the purposes of the ordinance, the officials had so acted and included illegal and improper charges against Mrs. Finley's property in making the assessments. In such case, however, the remedy at law is entirely adequate to redress the injury and afford relief.

■ Although not necessary to the present decision, it is observed that no case is made by the bill to authorize equity to cancel the deed of Mrs. Finley to the city for failure of consideration. 26 C.J.S., Deeds § 21, p. 195.

■ Nor will equity interfere with the cases at law to declare a discontinuance thereof because of the alleged failure of the clerk of the municipality to comply with the statute relative to the appeals from the final assessments. This defense likewise will be available when the cases come on for trial on appeal in the circuit court. The resolution of the municipal council making the assessments final is "a final judgment which can be reviewed only by an appeal seasonably taken therefrom in accordance with the provisions * * * of the Code. * * * A court of chancery can review such a judgment only upon the exhibition of some distinct and recognized ground for equitable interference with judgments at law." Brock v. City of Decatur, 185 Ala. 146, 148, 64 So. 73.

■ No such ground is specified in the bill. Equity is entirely unauthorized to undertake a cancellation of the assessments as for a discontinuance because of the failure of the city clerk to do his duty with respect to transmitting the transcript of the proceedings to the circuit court. Upon posting the appeal bonds and their approval by the proper officer (the statute regarding the presenting and filing of objections having been previously complied with) the appeal was effectively taken. Jacobs v. Goodwater Graphite Co., 205 Ala. 112, 87 So. 363; Lewis v. Martin, 210 Ala. 401, 98 So. 635. And when taken the circuit court acquired jurisdiction of the whole matter, thereby divesting the municipality of fur-

ther control thereof pending final disposition of said cases on appeal. Huntsville v. Pulley, 187 Ala. 367, 65 So. 405; Lewis v. Martin, supra; Cox v. City of Birmingham, 21 Ala.App. 341, 108 So. 622, certiorari denied by 214 Ala. 584, 108 So. 625; Larcher v. Scott, 2 Ala. 40; South & N. Ala. R. Co. v. Pilgreen, 62 Ala. 305; Oklahoma Vinegar Co. v. Kaupp, 136 Ala. 629, 33 So. 868; Union Mut. Ins. Co. v. Robinson, 216 Ala. 527(3), 113 So. 587; Paterson Lumber Co. v. Ingersoll, 226 Ala. 347, 147 So. 140. And, as stated, the plea of the city's discontinuance of the causes is a defense the appellant may avail of in said circuit court upon due trial of the causes, not in equity as is here sought.

The rule of our cases has been that equity is available to challenge the validity of such proceedings for fundamental defects that go to the jurisdiction and render the proceedings void. We know of no case, and have been cited to none, where the principle has been further extended. Following are sustaining authorities: City of Birmingham v. Terrell, 229 Ala. 523, 525, 158 So. 748; Penton v. Brown-Crummer Inv. Co., 222 Ala. 155, 161, 131 So. 14; Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210; City of Jasper v. Sanders, 226 Ala. 84, 145 So. 827; City of Bessemer v. Schanz, 226 Ala. 573, 148 So. 131; Walton v. City of Mobile, 232 Ala. 200, 167 So. 247; Rudulph v. City of Homewood, 245 Ala. 648, 18 So.2d 563; City of Bessemer v. Ratliff, 240 Ala. 406, 199 So. 838; Chenault v. City of Russellville, 233 Ala. 60, 169 So. 706; Streater v. Town of Town Creek, 234 Ala. 132, 173 So. 853; Cowan Inv. Corporation v. City of Florence, D.C., 11 F.Supp. 973, 975.

In our view, the sole equity of the bill is to prevent a sale of the property and preserve it and its possession in status quo until the appeals can be tried, and injunctive relief for this purpose is proper.

So considered the case is not one for the issuance of the writ. The unanswered interrogatories relate to the phases of the bill which are without equity and the writ is therefore denied.

Writ denied.

All the Justices concur except BROWN, J., who dissents.

BROWN, Justice (dissenting).

If, as alleged in the bill, the City of Tarrant City acting through its city clerk through fraud, accident or mistake, without fault of the property-owner, failed to send up the appeals to the circuit court in 1930, when they were filed, the adverse party appealing in that case was denied due process of law, and the city should be enjoined from enforcing said ordinances from which the appeal is taken. This was the effect of the holding in Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210; City of Bessemer v. Ratliff, 240 Ala. 406, 199 So. 838; Rudulph v. City of Homewood et al., 245 Ala. 648, 18 So.2d 563, and other cases.

Courts of equity in Alabama do not grant new trials nor do they supervise courts of law in the administration of justice. Where the jurisdiction of a court of equity is properly invoked, it does not presume to act on the law court itself, but only on the party, and makes its decrees effective by examining the case on the merits and settling the entire controversy according to equity and justice. Norwood v. Louisville & N. R. Co., 149 Ala. 151, 42 So. 683.

It is a familiar principle, well settled in Alabama, that when a court of equity takes jurisdiction for one purpose, it will settle the whole controversy. If the complainants are entitled to relief at all they are entitled to have that relief granted by the circuit court in equity. It is on this ground I differ with my brethren and dissent from the holding in the foregoing opinion. Evans v. Wilhite, 176 Ala. 287, 58 So. 262.