THOMPSON, Presiding Judge.
Jennifer Burnett (“the mother”) and Stephen Burnett (“the father”) were divorced by a March 12, 2010, judgment of the Marshall Circuit Court. In that divorce judgment, the trial court, among other things, awarded the mother custody of the two minor children born of the mar *888 riage, and it ordered that the father receive supervised visitation.
On June 16, 2010, Jimmy Burnett and Linda Burnett (hereinafter together referred to as “the grandparents”) filed a motion to intervene in the divorce action and filed a petition in that action seeking an award of visitation with the two minor children pursuant to the former Alabama Grandparent Visitation Act (“the former Act”), § 30-3-4.1, Ala.Code 1975.[1] The trial court granted the grandparents’ motion to intervene. The mother opposed the grandparents’ petition; she argued, among other things, that the former Act was unconstitutional. The attorney general submitted a brief in support of the constitutionality of the former Act.
After conducting a hearing, on April 12, 2011, the trial court entered a judgment in which it, in pertinent part, granted the grandparents’ claim for grandparent visitation. On May 10, 2011, the mother filed a postjudgment motion. While the mother’s postjudgment motion was pending, she amended that motion, arguing that a decision of the Alabama Supreme Court released after she had filed her post-judgment motion had determined the former Act to be unconstitutional. See Ex parte E.R.G., 73 So.3d 634 (Ala.2011). On June 24, 2011, the trial court entered an order in which it, in pertinent part, denied that portion of the mother’s postjudgment motion pertaining to grandparent visitation.
The mother timely appealed, arguing only that the trial court had erred as a matter of law in failing to deny the grandparents’ claim for visitation under the former Act based on our supreme court’s holding in Ex parte E.R.G., supra. The mother does not challenge the factual basis for the award of grandparent visitation. Accordingly, because only a question of law is implicated in the sole issue raised on appeal, this court reviews the trial court’s judgment de novo, and we apply no presumption of correctness in favor of the trial court’s judgment. Morgan Bldg. & Spas, Inc. v. Gillett, 762 So.2d 366, 368 (Ala.Civ.App.2000).
In its decision in Ex parte E.R.G., supra, our supreme court declared unconstitutional the former Act, which allowed a grandparent to assert a claim for visitation with his or her grandchild. Under the former Act, a trial court could award visitation to a grandparent against the wishes of the child’s parent if the trial court found that such visitation was in the child’s best interests; in determining whether visitation with the grandparent was in the child’s best interests, the trial court was to consider, among a list of other factors, the wishes of the child’s parent. See former § 30-3-4.1, Ala.Code 1975 (amended by Ala. Acts 2011, Act No. 2011-562). In reaching its decision in Ex parte E.R.G., supra, our supreme court noted that fit parents have a “fundamental right ... to direct the education and upbringing of their children” and that fit parents are presumed to act in the best interests of their children. 73 So.3d at 643. The court then explained its determination that the former Act was unconstitutional as follows:
“In order for a grandparent-visitation statute to pass constitutional muster, it must recognize the fundamental presumption in favor of the rights of the parents. The Act, however, and particularly § 30-3^.1(d), makes no mention of the fundamental rights of parents. Instead, it instructs the trial court to ‘de *889 termine if visitation by the grandparent is in the best interests of the child.’ The ‘wishes of any parent who is living’ are merely among the ‘[ojther relevant factors’ the court should ‘consider.’ § 30-3-4.1(d)(6), Ala.Code 1975. As noted above, a parent’s right is fundamental, and a limitation on that right must be subject to strict scrutiny. To be constitutional, the Act must infringe upon the parent’s right only to the extent necessary to protect a compelling state interest and must do so in a narrowly tailored way, using the least restrictive means....
“The reliance in the Act on the best-interests-of-the-child standard does not protect the fundamental right of parents, even though it is that right that is at issue. Instead of recognizing the substantive and procedural rights of parents, fundamental in nature and protected by the Due Process Clause of the Fourteenth Amendment, the Act looks only to the interests of the child. Those interests are incredibly important, to be sure, but, absent more, they do not rise to the level of a compelling state interest. Furthermore, application of a best-interests standard substitutes the judge for the parent as the decision-maker, without regard for parental rights, again without a compelling interest. Because no compelling interest is required by the Act and because there is no showing that application of the Act is the least restrictive means of achieving any state interest, the Act violates a parent’s fundamental right.
“We do not deny the valuable role played by grandparents in the lives of many grandchildren. We share the sentiments expressed by the Supreme Court of West Virginia:
“ ‘It is biological fact that grandparents are bound to their grandchildren by the unbreakable links of heredity. It is common human experience that the concern and interest grandparents take in the welfare of their grandchildren far exceeds anything explicable in purely biological terms. A very special relationship often arises and continues between grandparents and grandchildren. The tensions and conflicts which commonly mar relations between parents and children are often absent between those very same parents and their grandchildren. Visits with a grandparent are often a precious part of a child’s experience and there are benefits which devolve upon the grandchild from the relationship with his grandparents which he cannot derive from any other relationship. Neither the Legislature nor this Court is blind to human truths which grandparents and grandchildren have always known.’
“Petition of Nearhoof, 178 W.Va. 359, 364, 359 S.E.2d 587, 592 (1987) (quoting Mimkon v. Ford, 66 N.J. 426, 437, 332 A.2d 199, 204-05 (1975)).
“There is no evidence in this case, however, indicating that the State has a compelling interest in forcing interaction between the grandparents and the grandchildren over the objections of the parents. And even if such a case were before us — i.e., a case showing such a compelling state interest — the Act applies in any case where the best interests of the child indicate that visitation with a grandparent might be appropriate, without any regard for the parents’ fundamental rights. This failure of the Act to include a presumption in favor of the parents when deciding questions of visitation infringes on the constitutional right of parents to direct the upbringing of their children, and the Act is therefore fatally flawed and unconstitutional.2
*890 Ex parte E.R.G., 73 So.3d at 646-48 (emphasis added). The court in Ex parte E.R.G. concluded:
“The State must have a compelling interest to justify encroaching on the fundamental right of a parent to decide what is in the best interests of his or her child. The Act grants no deference to that fundamental right, however, and fails to limit the operation of the Act to those cases where there is a compelling state interest, instead requiring the court to decide visitation disputes between parents and grandparents based only on ‘the best interests of the child.’ ”
73 So.3d at 649.
We note that, at approximately the same time as the release of our supreme court’s opinion in Ex parte E.R.G., supra, the Alabama Legislature enacted Ala. Acts 2011, Act No. 2011-562 (hereinafter “the new Act”), which amended the former Act and became effective September 1, 2011. Among the amendments to the former Act set forth in the new Act is a requirement that a grandparent seeking visitation with his or her grandchild must overcome a “rebuttable presumption ... that the parent or parents with whom the child is living know what is in the best interests of the child.” § 30-3-4.1(d), Ala.Code 1975. Thus, the new Act attempts to correct the constitutional infirmity of the former Act by creating, in favor of a fit parent, a rebuttable presumption that the parent is acting in the child’s best interests.[2] The new Act, however, was not in effect at the time the grandparents asserted their claim for visitation; they proceeded under the former Act.
In denying that part of the mother’s postjudgment motion pertaining to the issue of grandparent visitation, the trial court acknowledged the holding of Ex parte E.R.G., supra, but stated that “the most recent Supreme Court decision was not the rule of law at the time the case was tried.” On appeal, the mother argues, as she did before the trial court, that the trial court erred in failing to apply our supreme court’s holding in Ex parte E.R.G., supra, to the grandparents’ claim in this case.
In support of her argument, the mother cites Alabama State Docks Terminal Railway v. Lyles, 797 So.2d 432 (Ala.2001), in which our supreme court held that, generally, substantive changes in the law are to be applied retroactively.
“The general rule is that a case pending on appeal will be subject to any change in the substantive law. The United States Supreme Court has stated, in regard to federal courts that are applying state law: ‘[T]he dominant principle is that nisi prius and appellate tribunals alike should conform their orders to the state law as of the time of the entry. Intervening and conflicting decisions will thus cause the reversal of judgments which were correct when entered.’ Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, 543, 61 S.Ct. 347, 85 L.Ed. 327 (1941). See also United States v. Schooner Peggy, 1 Cranch 103, 5 U.S. 103, 2 L.Ed. 49 (1801)....
[[Image here]]
“In general, with regard to civil matters, prospective-only decision-making within the realm, of constitutional law is disfavored. ‘Since the Constitution does not change from year to year; since it does not conform to our decisions, but our decisions are supposed to conform to it; the notion that our interpretation *891 of the Constitution in a particular decision could take prospective form, does not make sense.’ American Trucking Ass’ns, Inc. v. Smith, 496 U.S. 167, 201, 110 S.Ct. 2323, 110 L.Ed.2d 148 (1990) (Scalia, J., concurring).
“Even when this Court is not applying a rule of constitutional or statutory law, but is only addressing the effects of decisional law, our strong inclination is to avoid establishing rules that are to be applied prospectively only:
“ ‘Although circumstances occasionally dictate that judicial decisions be applied prospectively only, retroactive application of judgments is overwhelmingly the normal practice. McCullar v. Universal Underwriters Life Ins. Co., 687 So.2d 156 (Ala.1996) (plurality opinion). “Retroactivity ‘is in keeping with the traditional function of the courts to decide cases before them based upon their best current understanding of the law.... It also reflects the declaratory theory of law, ... according to which the courts are understood only to find the law, not to make it.’ ” 687 So.2d 156, quoting James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 535-36, 111 S.Ct. 2439, 2443-44, 115 L.Ed.2d 481 (1991).’
“Professional Ins. Corp. v. Sutherland, 700 So.2d 347, 352 (Ala.1997).”
Alabama State Docks Terminal Ry. v. Lyles, 797 So.2d at 438-39.
In Palm Harbor Homes, Inc. v. Turner, 796 So.2d 295 (Ala.2001), the Turners sued Palm Harbor Homes, Inc., asserting claims under the Magnuson-Moss Warranty-Federal Trade Commission Act, 15 U.S.C. §§ 1501-12 (“the Magnuson-Moss Act”), and Palm Harbor moved to enforce an arbitration agreement between the parties. During the pendency of the action, our supreme court overruled an earlier case and held that the Magnuson-Moss Act did not invalidate arbitration provisions in warranties. See Southern Energy Homes, Inc. v. Ard, 772 So.2d 1131 (Ala.2000). However, the trial court in Palm Harbor denied Palm Harbor’s motion to compel arbitration. Our supreme court rejected the Turners’ argument that Ard, supra, should have been applied prospectively only and explained, in part:
“The United States Supreme Court has adopted the following rule regarding the retroactivity of its decisions:
“ ‘When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.... In both civil and criminal cases, we can scarcely permit “the substantive law [to] shift and spring” according to “the particular equities of [individual parties’] claims” of actual reliance on an old rule and of harm from a retroactive application of the new rule.’
“Harper v. Virginia Dep’t of Taxation, 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993) (citations omitted).”
Palm Harbor Homes, Inc. v. Turner, 796 So.2d at 296.
Recently, our supreme court, in determining whether a change in the law should be applied retroactively, noted the distinction between changes in procedural law and changes in substantive law. In Ex parte Capstone Building Corp., [Ms. 1090966, June 3, 2011] - So.3d - , - (Ala.2011),* our supreme court over *892 ruled previous precedent established in McKenzie v. Killian, 887 So.2d 861 (Ala.2004), which had held that a claim of wantonness was subject to a six-year statute of limitations. In Ex parte Capstone Building, supra, our supreme court instead held that a wantonness claim is subject to the two-year statute of limitations set forth in § 6 — 2—38(i), Ala.Code 1975. Our supreme court acknowledged that, generally, “retroactive application of judgments is the usual practice.” — So.3d at -.** However, the court held that its decision in Ex parte Capstone Building should be applied prospectively only because “applying our decision retroactively to parties [with an existing cause of action] would deprive them of a vested right without granting them any opportunity to preserve it.” — So.3d at —.***
The distinction between the facts of this case and those of Ex parte Capstone Building is that in Ex parte E.R.G., supra, our supreme court held that the cause of action under the former Act was unconstitutional and, therefore, that an action could not be maintained under that Act; in Ex parte Capstone Building, supra, the cause of action remained, but the time in which a party was entitled to assert that cause of action was shortened. In Ex parte Capstone Building, supra, in addition to discussing whether the case affected a vested right, our supreme court quoted in a parenthetical citation 20 Am.Jur.2d Courts § 151 (2005), for the following proposition:
“(‘A decision overruling a judicial precedent may be limited to prospective application where required by equity or in the interest of justice.... Some jurisdictions distinguish between decisions that overrule substantive law and those that ovemle procedural law; in these jurisdictions, a decision overruling substantive law applies retroactively, while a decision overruling procedural law applies prospectively only.’)9
*893 “359 So.2d at 1155.”†
In Ex parte E.R.G., supra, our supreme court did not “expressly define” whether the holding of that case should be applied retroactively or prospectively only. See Ex parte Capstone Bldg., — So.3d at — n. 9.†† However, approximately one month after the release of Ex parte E.R.G., our supreme court summarily reversed a trial court’s judgment, which had been entered before the decision in Ex parte E.R.G. was issued, awarding grandparent visitation pursuant to the former Act, because the Act had been declared unconstitutional in Ex parte E.R.G., supra. Ex parte A.S., [Ms. 1091156, July 22, 2011] — So.3d — (Ala.2011). See also G.M. v. T.W., 75 So.3d 1181, 1182 n. 1 (Ala.Civ.App.2011) (recognizing that Ex parte E.R.G. determined the former Act to be unconstitutional).
In this case, while the mother’s postjudgment motion was pending, the substantive law applicable to the grandparents’ claim for grandparent visitation changed; the statute upon which the grandparents based their claim for grandparent visitation was declared unconstitutional, and, therefore, it could not support the grandparents’ claim. Ex parte E.R.G., supra. When the substantive law applicable to an action changes, the change in the law should be applied retroactively. Alabama State Docks Terminal Ry. v. Lyles, supra; Palm Harbor Homes, Inc. v. Turner, supra; and Ex parte Capstone Bldg., supra. In this case, although the trial court had entered a judgment on the grandparents’ claim for visitation, it retained jurisdiction by way of the pending postjudgment motion to alter that judgment to correct any possible errors in the judgment or, as in this case, to bring that judgment into compliance with recent changes in the law applicable to the claims at issue. See, e.g., Palm Harbor Homes, Inc. v. Turner, supra. We conclude that the trial court erred in failing to enter a postjudgment order in favor of the mother on the grandparents’ claim under the former Act. Therefore, we reverse the trial court’s judgment awarding the grandparents visitation and remand the cause for the trial court to enter a judgment in compliance with this opinion.
The mother’s request for an attorney fee on appeal is denied.
REVERSED AND REMANDED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. As is explained later in this opinion, the Act has been amended, effective September 1, 2011. See Ala. Acts 2011, Act No. 2011-562.

. This court makes no determination regarding the constitutionality of the new Act.

 Note from the reporter of decisions: On March 16, 2012, the Alabama Supreme Court *892 withdrew the June 3, 2011, opinion in Capstone and substituted another one. See Ex parte Capstone Bldg. Corp., [Ms. 1090966, March 16, 2012] - So.3d - (Ala.2012).

 Note from the reporter of decisions: On March 16, 2012, the Alabama Supreme Court withdrew the June 3, 2011, opinion in Capstone and substituted another one. The substituted opinion contains the same quoted material. See Ex parte Capstone Bldg. Corp., [Ms. 1090966, March 16, 2012] - So.3d - (Ala.2012).

 Note from the reporter of decisions: On March 16, 2012, the Alabama Supreme Court withdrew the June 3, 2011, opinion in Capstone and substituted another one. The substituted opinion does not contain the quoted material.

 Note from the reporter of decisions: On March 16, 2012, the Alabama Supreme Court withdrew the June 3, 2011, opinion in Capstone and substituted another one. The substituted opinion does not contain the quoted material.

 Note from the reporter of decisions: On March 16, 2012, the Alabama Supreme Court withdrew the June 3, 2011, opinion in Capstone and substituted another one. Note 9 from the original opinion was not carried over into the substituted opinion.

 2 Furthermore, nothing in the Act requires a narrow tailoring of relief to the least restrictive means of addressing the State’s interest (e.g., modes and duration of visitation).”

 9 The general rule in some jurisdictions as described in the cited section of American Jurisprudence is consistent with our decision today and arguably other decisions of this Court. This rule was expressly articulated in the following passage from Corpus Juris Se-cundum quoted with approval by this Court in City of Birmingham v. Brasher, 359 So.2d 1153 (Ala. 1978), though our research has not found any express repetition of it in more recent cases:
" ‘ "As a general rule, the effect of overruling a decision and refusing to abide by the precedent there laid down is retrospective, as well as prospective, and makes the law at the time of the overruled decision as it is declared to be in the last decision .... The distinction has been made that if the overruled decision is one dealing with procedural or adjective law the effect of the subsequent overruling decision is prospective only; but if the overruled decision is one dealing with substantive law the effect of the subsequent overruling decision is retroactive. In any event, a court of final decision may expressly define and declare the effect of a decision overruling a former decision, as to whether or not it shall be retroactive, or operate prospectively only, and may, by a saving clause in the overruling decision, preserve all rights accrued under the previous decision." 21 C.J.S. Courts § 194(a) (Footnotes omitted.)’