Rel: August 29, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2025

————————————————

## CL-2025-0262

————————————————

**David F. Del Vecchio, Peggy R. Del Vecchio, Michael Del Vecchio, William P. Novack, Tara Novack, and Anthony Keith**

**v.**

**Board of Commissioners of the City of Dothan and City of Dothan**

**Appeal from Houston Circuit Court**
**(CV-23-900255)**

MOORE, Presiding Judge.

David F. Del Vecchio, Peggy R. Del Vecchio, Michael Del Vecchio, William P. Novack, Tara Novack, and Anthony Keith ("the landowners") commenced a civil action in the Houston Circuit Court ("the circuit court"), seeking judicial review of the decision of the Board of

Commissioners of the City of Dothan ("the Board") and the City of Dothan ("the City") approving the expansion of the City of Dothan Sanitary Landfill ("the landfill"). The parties filed cross-motions for a summary judgment. In its final judgment, the circuit court granted the City and the Board's motion for a summary judgment and denied the landowners' motion. The landowners timely appealed.

Background

In 2013, the Alabama Department of Environmental Management ("ADEM") reissued Solid Waste Disposal Facility Permit No. 35-06 ("the permit") authorizing the City to operate the landfill. In 2014, the Board approved an application to expand the landfill from 78 acres to approximately 536 acres. In 2019, ADEM modified the permit to increase the overall size of the landfill to 522.19 acres. In Lewis v. Alabama Department of Environmental Management, 363 So. 3d 1008 (Ala. Civ. App. 2021), this court determined that ADEM had improperly modified the permit. As a result, the 2019 modification to the permit was vacated, and ADEM subsequently ordered that no further solid-waste disposal would be allowed in the expanded areas of the landfill.

On March 31, 2023, Tommy Wright, the director of the City's Public Works Department, issued a memorandum to Mark Saliba, the mayor of the City, and the Board, attaching an application to increase the size of the landfill from 78 acres to 522.19 acres. The application indicated that the existing landfill contained a municipal solid-waste-disposal area of 53.6 acres and an existing inactive construction and demolition waste-disposal area of 4.0 acres. The application proposed increasing the municipal solid-waste-disposal area by 20.5 acres and adding 14.1 acres for an active construction and demolition waste- disposal area. The application was later amended to reduce the proposed expansion of the landfill to 506.67 acres.

On April 4, 2023, the Board adopted a resolution initiating the process of approving the proposed expansion of the landfill. On April 5, 2023, Wright sent a letter to property owners living near the proposed expanded landfill notifying them of the proposal. The letter informed the property owners that a public-comment period would run from April 5, 2023, to June 12, 2023; that a public-awareness meeting would be held on May 8, 2023; and that a public hearing would occur on June 12, 2023.

The letter included the place and time for the meeting and the hearing. The letter stated:

> "After considering all written comments, the public hearing record, the requirements of [the Alabama Solid Wastes and Recyclable Materials Management Act], the criteria described in Alabama Code § 22-27-48(c), and all other applicable regulations, the [Board] will decide whether to grant Host Government Approval for the proposed modification and expansion."

The City circulated a similar notice on its Web site on April 5, 2023, and in the Dothan Eagle, a local newspaper, on April 7, 2023. On May 10, 2023, the City published another notice of the public hearing scheduled for June 12, 2023.

The City received written comments from the public, including from Tara Novack and William Novack. The City conducted the public-awareness meeting and the public hearing as scheduled. At the public hearing, the City informed the audience that it would receive public comments regarding the proposed expansion and would consider those comments "in the context of the criteria described in [Ala. Code 1975, § 22-27-48(c)]," a part of the Solid Wastes and Recyclable Materials Management Act ("the SWRMMA"), Ala. Code 1975, § 22-27-1 et seq. The version of Ala. Code 1975, § 22-27-48(c), then in effect provided:

4

"In determining whether to approve a new solid waste management site or a modified existing solid waste management site, the governing body shall consider each of the following criteria:

"(1) The consistency of the proposal with the jurisdiction's solid waste management need as identified in its plan.

"(2) The relationship of the proposal to local planned or existing development or the absence thereof, to major transportation arteries, and to existing state primary and secondary roads.

"(3) The location of a proposed facility in relationship to existing industries in the state that generate large volumes of solid waste, or the relationship to the areas projected for development of industries that will generate solid waste.

"(4) Costs and availability of public services, facilities and improvements required to support a proposed facility and protect public health, safety, and the environment.

"(5) The impact of a proposed facility on public safety and provisions made to minimize the impact on public health and safety.

"(6) The social and economic impacts of a proposed facility on the affected community, including changes in property values, and social or community perception."[1]

---

[1]See generally "The Governing Statute" section of this opinion, infra, and note 4, infra.

The City listed those criteria at the public hearing. Counsel for the landowners appeared at the hearing and raised objections to the proposed expansion of the landfill based on the above criteria. Michael Del Vecchio, David Del Vecchio, and Anthony Keith also appeared and objected to the expansion of the landfill. Following the hearing, the City published written responses to the public comments that had been made before and during the hearing.

On June 30, 2023, Wright issued a memorandum to the mayor of the City and the members of the Board, two of whom had attended the public hearing, requesting approval of the proposed expansion. On July 5, 2023, the Board met at a public hearing and adopted a resolution approving the expansion; that resolution provided:

> "WHEREAS, the City of Dothan proposes to expand the facility boundary of the Dothan Landfill ... to approximately 506 acres; and
>
> "WHEREAS, the City of Dothan issued a publication in the Dothan Eagle newspaper on April 7, 2023, to provide notice of a public awareness meeting to be held on May 8, 2023, to inform the public regarding the proposed expansion of the Dothan Landfill, the permit application, and the process for reviewing the permit application and submitting public comments to the City of Dothan; and
>
> "WHEREAS, the City of Dothan issued a publication in the Dothan Eagle newspaper on May 10 and May 17, 2023, to

6

provide notice of a public hearing to be held on June 12, 2023, to accept public comment concerning the proposed facility expansion; and

"WHEREAS, a public awareness meeting was held on May 8, 2023, to inform the public regarding the proposed expansion of the Dothan Landfill, the permit application, and the process for reviewing the permit application and submitting public comments to the City of Dothan; and

"WHEREAS, a public hearing was held on June 12, 2023, to accept public comment concerning the proposed facility expansion; and

"WHEREAS, all comments received during the public comment period were considered by the [Board] and a written response to each comment has been prepared and considered by the [Board]; and

"WHEREAS, in determining whether to recommend approval of the proposed facility expansion for the Dothan Landfill, the [Board] shall consider each of the six (6) factors, as shown in Alabama Code [1975,] § 22-27-48(c); and

"WHEREAS, the six (6) aforementioned factors include: consistency with the solid waste management need as identified in the Solid Waste Management Plan; relationship to local planned or existing development, to major transportation arteries, and to existing state primary and secondary roads; location of existing industries that generate large volumes of solid waste or the development of industries that will generate solid waste costs; and availability of public services, facilities, and improvements to support and protect public health, safety, and the environment; minimization of impacts to public health and safety; and, social and economic impacts on the affected community.

7

"NOW, THEREFORE, BE IT RESOLVED by the Board ... as follows:

"Section 1. That after due consideration and review of the permit application and the information provided in response to the public awareness meeting and the public hearing, the City of Dothan finds that the proposed expansion to the facility boundary of the Dothan Landfill ... to approximately 506 acres satisfies each of the six (6) factors enumerated in Alabama Code [1975,] § 22-27-28(c) and hereby approves the same."

On June 26, 2023, before the resolution passed, the landowners filed in the circuit court a complaint for declaratory and injunctive relief to prevent the consideration of the application to expand the landfill. After the resolution passed, the landowners amended their complaint three times. The complaint, as last amended, contained, among other claims for relief, a petition for the common-law writ of certiorari to review the approval of the expansion of the landfill and a request for a judgment declaring that the Board's decision to approve the expansion of the landfill was void because it had been reached in a manner that violated the state and federal procedural-due-process rights of the landowners to adequate notice of the proposed expansion.[2]

_____

[2]The City and the Board did not contest that the landowners had standing to maintain the underlying civil action, but the landowners presented evidence showing that they each satisfied the elements of standing. Because that evidence is undisputed, we conclude that the

On March 31, 2024, the City and the Board filed a motion for a summary judgment, arguing that there was no genuine issue of material fact as to (1) whether § 22-27-48 governed the procedure for approving the application for the expansion of the landfill, (2) whether the City and the Board had fulfilled their obligations under § 22-27-48, and (3) whether the City and the Board had provided the landowners and the area residents with due notice as required by the United States and Alabama Constitutions. The landowners responded by filing their own motion for a summary judgment, asserting that Ala. Code 1975, § 22-27-48.1, governed the application procedure and that they had not been provided sufficient notice of the details of the approval process. The circuit court held a hearing on the summary-judgment motions on February 24, 2025. On March 5, 2025, the circuit court granted the City and the Board's motion for a summary judgment and denied the landowners' motion.

---

landowners had standing and that the circuit court had jurisdiction over the case. See generally Keith v. LeFleur, 256 So. 3d 1206 (Ala. Civ. App. 2018).

<u>Issues</u>

The landowners argue that the City and the Board acted without statutory authority or in violation of statutory authority in approving the expansion of the landfill. The landowners also argue that the City and the Board violated their due-process rights by failing to provide them with adequate notice of the criteria that would be used when determining whether to approve the application to expand the landfill.[3] The landowners contend that this court should reverse the judgment and render a judgment in their favor.

<u>The Governing Statute</u>

We first address the question whether § 22-27-48 or § 22-27-48.1 applied to the approval of the expansion of the landfill. The circuit court impliedly determined that § 22-27-48 applied. Because the issue involves a question of law, our review is de novo. <u>See</u> <u>Burnett v. Burnett</u>, 88 So. 3d 887, 888 (Ala. Civ. App. 2011).

---

[3]The landowners also claimed in two counts of their third amended complaint that the resolution approving the expansion of the landfill was void because it was adopted by biased decision makers in violation of due process, but the landowners concede that the summary judgment is due to be affirmed as to that claim.

Since it was originally enacted in 1989, see Ala. Acts 1989, Act No. 89-824, § 22-27-48 has provided that a local governing body shares authority with ADEM over the permitting of new solid-waste-management sites and the permitting for the modification of existing solid-waste-management sites. As originally written, § 22-27-48(a) provided that ADEM could not consider issuing a permit for a new solid-waste-management site or for the modification of a permit for an existing solid-waste-management site "unless such application has received approval by the affected unit of local government having an approved plan." That statute has also provided that, "[i]n determining whether to recommend approval of the proposed issuance of or modification of a new or existing solid waste management site, the governing body shall consider [the six criteria set forth in § 22-27-48(c)]."

In 2017, the legislature amended § 22-27-48 and added a new statute, § 22-27-48.1. See Ala. Acts 2017, Act No. 2017-366. As revised by the 2017 amendment, § 22-27-48 provided, in pertinent part:

"(b) [ADEM] may not consider an application for a new facility unless the application has received approval pursuant to [§] 22-27-48.1[, Ala. Code 1975,] by the affected local governing body. [ADEM] may not consider an application for a modified permit for a facility unless such application has

11

CL-2025-0262

received approval pursuant to this section by the affected local governing body.

"(c) In determining whether to recommend approval of the proposed issuance of or modification of a new or existing solid waste management site, the governing body shall consider each of the following [six] criteria [set forth in § 22-27-48(c)] ...."

Section 22-27-48.1 provided, in pertinent part:

"(a) This section applies to the siting of any new solid waste management facility, as defined in [Ala. Code 1975, §] 22-27-2.

"(b) The governing body of a county or municipality shall make a discretionary decision to approve or disapprove the siting of a new solid waste management facility in accordance with this section."

Section 22-27-48 established the procedures for local governing bodies to follow when approving the modification of an existing solid-waste-management site. Section § 22-27-48.1, on the other hand, established the procedures for local governing bodies to follow when approving the siting of a new solid-waste-management facility.

In Lewis, supra, this court considered whether ADEM had properly modified a permit to allow an expansion of the landfill. We began our analysis by agreeing with the plaintiffs in that case, a different group of landowners, that the second sentence of § 22-27-48(b) "unambiguously

12

provide[d] that ADEM may not consider an application for modification of a permit for an existing sanitary landfill unless it first obtains the approval of the permit application by the affected local governing body." 363 So. 3d at 1012. This court said: "[T]he second sentence of § 22-27-48(b) directs that ADEM may not consider an application to modify a permit unless that same application has already been approved by the affected local governing body." Id. at 1013. Because the Board had not approved the modification application submitted to ADEM, this court held that the permit allowing the expansion of the landfill was invalid because it had been issued without statutory authority. The Lewis court treated the proposed expansion of the landfill as a modification of the existing landfill governed by § 22-27-48 and not as the siting of a new solid-waste-management facility governed by § 22-27-48.1.

In 2022, following our decision in Lewis, the legislature amended § 22-27-48. See Ala. Acts 2022, Act No. 2022-338. The 2022 amendment provided, in pertinent part:

> "(b) [ADEM] may not consider a permit application for a new facility unless the solid waste management site has received approval pursuant to [§] 22-27-48.1 by the affected local governing body. [ADEM] may not consider an application for a modified permit for a facility unless the solid

13

waste management site has received approval pursuant to this section by the affected local governing body.

"(c) In determining whether to approve a new solid waste management site or a modified existing solid waste management site, the governing body shall consider each of the following [six] criteria [set forth in § 22-27-48(c)] ...."

It was this version of § 22-27-48 that was in effect when the Board approved the proposed expansion of the landfill on July 5, 2023.[4]  From this point forward, all references in this opinion to § 22-27-48 are to the 2022 version.

The legislative history of § 22-27-48 reveals that it has consistently governed the power and duty of a local governing body to approve of a modification to an existing solid-waste-management site.  The 2022 amendment did not remove that authority; it only altered the procedure for how the local governing body exercised that authority.  Before 2022, the local governing body had to approve an application to modify the permit for an existing solid-waste-management facility; pursuant to the 2022 amendment, the local governing body only had to approve the "modified existing solid waste management site."  § 22-27-48(c).  On the

---

[4]The legislature amended § 22-27-48 again effective August 1, 2023, see Ala. Acts 2023, Act No. 2023-290, but that amendment does not apply to this case.  See State Home Builders Licensure Bd. v. Grzelak, 705 So. 2d 406, 409 (Ala. Civ. App. 1997).

14

other hand, § 22-27-48.1, by its plain terms, applies only to "the siting of any new solid waste management facility," which does not include a modified existing solid-waste-management site. See IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So. 2d 344, 346 (Ala.1992) ("Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning ....").

The landowners make a tortuous argument that § 22-27-48.1 should have applied in this case because the proposed expansion established a "new" 20.5-acre municipal solid-waste-disposal site and created a "new" construction and demolition waste-disposal site. The layout of the existing landfill showed four municipal solid-waste-disposal "cells," designated L-1, L-2, L-3, and L-4, and a fifth "cell," L-5, containing the inactive construction and demolition waste. The layout of the proposed expanded landfill included three additional municipal solid-waste-disposal cells -- L-5, L-6, and L-7 -- located immediately adjacent to the four existing cells, and an additional cell for disposal of construction and demolition waste. The landowners maintain that the added cells should be treated as new solid-waste-disposal sites subject to approval under § 22-27-48.1.

15

Section 22-27-48.1 applies only to the "siting of any new solid waste management facility," not to the modification of an existing solid-waste-management facility. The landfill is an existing solid-waste-management facility. By statutory definition, a "facility" consists of

> "[a]ll contiguous land, structures, and other appurtenances used for the processing, treatment, storage, or disposal of solid waste, or the recovery of recyclable materials from solid waste, whether or not authorized or permitted, including, but not limited to, waste disposal areas and waste disposed therein."

Ala. Code 1975, § 22-27-2(10). By this definition, when an existing landfill expands, all the land used for disposal of solid waste within its expanded territory is considered part of the original landfill, now designated as a "modified existing solid waste management site." Accordingly, in this case, the proposed additional disposal cells would not be considered "new" solid-waste-management facilities, independent from the landfill; the additional cells would be properly classified as part of the landfill, a modified existing solid-waste-management site subject to approval pursuant to § 22-27-48.

The circuit court did not err in determining that § 22-27-48 applied to this case. The landfill was an existing solid-waste-management site within the meaning of the SWRMMA, see § 22-27-2(33) & (36) (defining

16

"sanitary landfill" and "solid waste management," respectively), that could be modified only with the approval of the Board pursuant to § 22-27-48.

## Certiorari Review

Section 22-27-48 did not provide for a right to appeal the decision approving the expansion of a landfill. A common-law petition for the writ of certiorari is an appropriate remedy to review the quasi-judicial decisions of a municipality when the legislature has not provided a right to appeal or other means of judicial review. See, e.g., Fox v. City of Huntsville, 9 So. 3d 1229, 1232 (Ala. 2008). In certiorari proceedings, a circuit court is confined to a review of the certified record of the administrative proceedings below. See Nashville, Chattanooga & St. Louis Ry. Co. v. Town of Boaz, 226 Ala. 441, 443, 147 So. 195, 196 (1933). The office of the writ is to correct legal errors apparent on the face of the record affecting the jurisdiction of the administrative tribunal and the legality of its proceedings. See G.W. v. Dale Cnty. Dep't of Hum. Res., 939 So. 2d 931, 934 n.4 (Ala. Civ. App. 2006). "This court's scope of appellate review is the same as that of the circuit court." Colbert Cnty. Bd. of Educ. v. Johnson, 652 So. 2d 274, 276 (Ala. Civ. App. 1994).

Section 22-27-48(e) provided:

"Any decision by the local governing body of a proposed modification of an existing solid waste management site or the proposal to contract for any services described in the solid waste management plan shall be made in a public meeting only after public notice of such application or proposal and an opportunity for public comment is provided."

Section 22-27-48(f) provided, in pertinent part: "Within 90 days of receiving a proposal, the local governing body shall either approve or deny the modification, setting forth the reasons therefor." The evidence submitted by the parties in support of their respective summary-judgment motions shows that the Board approved the expansion of the landfill at a public hearing on July 5, 2023, by a majority vote. The resolution approving the landfill sets forth the reasons for the approval. We do not detect any jurisdictional or other legal errors on the face of the administrative record. The administrative record indicates that the City and the Board followed the procedures set forth in § 22-27-48 and that they considered the appropriate statutory criteria when approving the expansion of the landfill, which necessarily included the approval of the description of the modified landfill. The landowners argue at length that the City and the Board did not comply with § 22-27-48.1, but, as we have

18

determined, that statute did not apply. For those reasons, the circuit court did not err in denying the petition for the writ of certiorari.

Notice

Finally, the landowners argue that the City and the Board did not provide them with sufficient notice to meet the minimal requirements of due process. Specifically, they maintain that the notices did not explain in detail that the criteria set forth in § 22-27-48(c) would be considered in the decision-making process without describing the criteria.

In Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950), the United States Supreme Court said:

> "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

"[N]otice must be of such nature as reasonably to convey the required information ... and it must afford a reasonable time for those interested to make their appearance …." Id.; see also Pettiway v. Wexford Health Sources, Inc., 327 So. 3d 1168, 1171 (Ala. Civ. App. 2020); Taylor v. Huntsville City Bd. of Educ., 143 So. 3d 219, 228 (Ala. Civ. App. 2013). The operative test is that "'the notice as published must reasonably apprise any interested person of the issues involved in the proceeding.'"

19

North Alabama Express, Inc. v. United States, 585 F.2d 783, 787 (5th Cir. 1978) (citation omitted).

The landowners, who all resided near the proposed expanded landfill, were interested parties with a right to the requisite notice of the approval proceedings undertaken by the City and the Board. See Brown's Ferry Waste Disposal Ctr., Inc. v. Trent, 611 So. 2d 226 (Ala. 1992). Section 22-27-48(f) provided that, before approving a modified existing solid-waste-management site, a local governing body must provide notice, including

> "at a minimum a description of the proposed action to be considered and its relevance to and consistency with the local solid waste management plan, and [the notice] shall identify a contact person from whom interested persons can obtain additional information and can review copies of both the local plan and the proposal to be considered."

The landowners received notice of every proceeding involved in the approval process. The landowners do not argue that the notices failed to comply with § 22-27-48(f).[5] They contend, however, that the notices were not sufficient to meet the minimum requirements of due process because

---

[5]The landowners argue that the City and the Board did not comply with the notice requirements set forth in § 22-27-48.1, which are more specific, but, again, that statute did not apply in this case.

they did not track the language of § 22-27-48(c) or otherwise specify the criteria that would be considered during the approval process.

The notices all stated that the Board would consider "the criteria described in Alabama Code § 22-27-48(c)" when deciding whether to approve the expansion of the landfill, but they did not elaborate on the criteria. The landowners claim that they were not provided sufficient notice of the criteria to enable them to formulate objections to the proposal based on those criteria. However, counsel for the landowners appeared at the public hearing and raised objections to the expansion of the landfill based specifically on the criteria set forth in § 22-27-48(c). The record also shows that the landowners individually lodged objections to the expansion of the landfill based on at least one of the six criteria contained in § 22-27-48(c). The landowners do not explain what additional objections they could have raised if the notices had listed the criteria. We believe that the inclusion in the notices that the approval process would include consideration of the criteria contained in § 22-27-48(c) sufficiently informed the landowners of the issues involved so that they were afforded an opportunity to make their objections known.

Due process requires that a governmental entity must afford an affected party a sufficient opportunity to be heard and to object to proposed governmental action. <u>Carter v. City of Haleyville</u>, 669 So. 2d 812, 817 (Ala. 1995). The notices provided to the landowners fulfilled that purpose, so the City and the Board did not violate the due-process rights of the landowners.

<u>Conclusion</u>

For the foregoing reasons, we affirm the circuit court's judgment.

AFFIRMED.

Edwards, Hanson, Fridy, and Bowden, JJ., concur.